V. H. TALIAFERRO, plaintiff in error, *vs.* CHARLES J. MOFFETT, defendant in error.

1. The general rule of law is, that where a license required by statute, is for the protection of the public, and to prevent improper persons from acting in a particular capacity, and is not for revenue purposes only, the imposition of the penalty amounts to a positive prohibition of a contract made in violation of the statute.

2. Where suit was brought on notes given in settlement of accounts made at an apothecary store, and the defendant pleaded that the plaintiff had carried on such business of druggist without having obtained a license from the medical board of his school, averring facts rendering such license necessary, a demurrer thereto was properly sustained. The plea should have alleged to which school of medicine the plaintiff belonged, whether the allopathic or the reformed school; and further, that he had not obtained a license from such school.

Contracts. License. Pleadings. Physicians. Before Judge HOPKINS. Fulton Superior Court. October Term, 1874.

For the facts, see the decision.

ROBERT BAUGH, for plaintiff in error.

McCONNELL & HEYWARD, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on four promissory notes, one for $87 00, dated 3d August, 1870, due one day after date; one for $56 88, dated 1st January, 1873, due one day after date ; one for $73 61, dated 1st January, 1873, due one day after date, and one for $119 71, dated 1st January, 1873, due one day after date, all of said notes payable to the order of C. J. Moffett. The defendant filed his plea to said plaintiff's action in, which he alleged that three of said notes sued on, bearing date 1st January, 1873, were given in settlement and liquidation of three several accounts for drugs and medicines sold by plaintiff, as druggist, in the city of Columbus, Georgia, to defendant, during the years 1870, 1871 and 1872; that the other note, dated 3d August, 1870, was also given in settlement and liquidation of an account for drugs and medicines sold to defendant during the year 1869, in the city of Columbus, Georgia, by plaintiff and one Pope, who was then a partner of said plaintiff, said note being made payable to plaintiff; that during said time, to-wit: during the years 1869, 1870, 1871 and 1872, the said plaintiff, and said plaintiff and Pope, did open and keep a drug and apothecary store in Columbus, Georgia, and out of which they did sell and vend said drugs and medicines to defendant, for which said notes were given, and defendant says that during all this time, said plaintiff was selling drugs and medicines in Columbus, Georgia, to defendant, and also during all the time said plaintiff and said Pope were selling drugs to defendant in Columbus, Georgia, and

while they did keep and open a drug and apothecary store in Columbus, Georgia, out of which said drugs and medicines were sold to defendant, in consideration of which said notes in this declaration mentioned were given, neither the said plaintiff nor the said Pope, nor the said firm of Pope & Moffett, or either of them, separately or together, had obtained·a license to open or keep a drug store or apothecary store, from the medical board of his or their own school of said state, or from the board of physicians of the allopathic school of said state, nor were the said plaintiff or the said Pope, separately or together, engaged in selling drugs in his or their business, as druggists, prior to the 24th of December, 1847, nor did they continue to do so till the 1st of January, 1863, the time of the adoption of the Code of Georgia, all of which defendant is ready to verify; wherefore he prays judgment, etc. To this plea of the defendant, the plaintiff demurred, the court sustained the demurrer, and the defendant excepted.

1. By the 1395th section of the Code there is established, in this state, a board of physicians of the allopathic school, who have the authority, as defined in that and the subsequent section, 1396, to do certain specified things, one of which is to grant licenses to apothecaries upon their standing a satisfactory examination as to their knowledge of drugs and pharmacy, and to keep a book in which shall be entered the name of every person licensed to practice, or vend drugs, and the extent of the license. By the 1400th section of the same Code there is also established a board of physicians of the reformed practice of medicine, who have the same authority and must perform the same duties hereinbefore set forth, that is to say, the last named board have the same authority, and must perform the same duties in regard to granting license to practice and vend drugs, by those engaged in the reformed practice, as is required by the board of physicians of the allopathic school. The 1407th section declares that "no. person in this state shall open or keep a drug or apothecary store, without first obtaining a license therefor from the medical board of his own school." The 1408th section declares that "any per-

Taliaferro *vs.* Moffett.

son violating the preceding section, is liable to indictment, and on conviction, to be fined not less than $1,000 00 nor more than $5,000 00, and for a continuation after said conviction, to the like fine and imprisonment not exceeding six months. The *onus* of proof is upon the defendant to show his authority." The penalty prescribed by the statute for keeping a drug or apothecary store in this state, without a license, was intended for the protection of the public. The general rule of law is, that where the license required by the statute is for the protection of the public, and to prevent improper persons from acting in a particular capacity, and is not for revenue purposes only, the imposition of the penalty amounts to a positive prohibition of a contract made in violation of the statute.

2. The defendant alleges that the drugs for which the notes were given and which were the consideration thereof, were sold by the plaintiffs out of the drug and apothecary store kept by them in Columbus, but that they had not obtained a license to open or keep a drug store, or apothecary store, from the medical board of his or their own school, or from the board of physicians of the allopathic school, but does not allege to which school the plaintiffs belonged at the time the drugs were alleged to have been sold by them. The offense, under the statute, consists in opening, or keeping a drug or apothecary store, without first obtaining a license therefor from the medical board of his own school. The plea should have alleged to which school the plaintiffs belonged, and that they did not have a license from the medical board of *that* school to open and keep a drug or apothecary store. Which was their own school, the allopathic or the reformed practice of medicine, is not alleged in the defendant's plea, and for that reason the plea was bad, and demurrable. A plea should state the facts with such *certainty* as will enable the court to declare the law arising thereon, and to apprise the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it. From which medical board were the plaintiffs notified by the defendant's plea to show a license to open and

keep a drug or apothecary store? The law requires them only to show a license from the medical board of their own school, and which was their own school? Was their own school either the one or the other mentioned in the plea, or was it some other school? The plea does not allege *that material fact.* It is true the plea alleges that plaintiffs had not obtained a license to open and keep a drug store or apothecary store from the medical board of his or their own school, or from the board of physicians of the allopathic school, but the material issuable fact as to to what school the plaintiffs belonged, and from what board they would be required to show a license at the trial, is not alleged. We find no error in sustaining the demurrer to the defendant's plea on the statement of facts contained in the record.

Let the judgment of the court below be affirmed.