*Hines & Jordan, Lanier, Deal & Renfroe,* for plaintiff in error.
*Williams & Bradley,* contra.

---

## 8304.   SOMERS & COMPANY *v.* CRANSTON COMPANY.

The action being for the price of whisky labels and whisky cartons, which
the plaintiff, a company of another State, engaged in the business of
selling whisky, sold to the defendants, its agents located in this State,
and it appearing, from uncontradicted evidence, that the contract for
the purchase of these articles was made in this State, and that their
price was a part of the consideration for the sale of whisky therein,
and that they were to be used for the single purpose of promoting the
sale of whisky therein, in violation of the law of the State, the plaintiff
was not entitled to recover.

> DECIDED JUNE 7, 1917.

Complaint; from Richmond superior court—Judge Hammond.
March 4, 1916.

*I. S. Peebles Jr.,* for plaintiffs in error.
*S. H. Myers, C. H. & R. S. Cohen,* contra.

BROYLES, P. J.   1.   Under repeated rulings of this court, an as-
signment of error based upon a refusal to grant a nonsuit will not
ordinarily be considered, when thereafter the case proceeds to ver-
dict and judgment, and a motion for a new trial is made which

contains the ground that the verdict is contrary to law and the evidence.

2. "A court of justice will not lend its aid to the enforcement of any contract the making of which is prohibited, nor to the enforcement of anything necessary to complete the accomplishment of an unlawful purpose. 'If the contract is executed it will be left to stand; if it be executory neither party can enforce it.'" *McAndrew* v. *Taylor*, 15 *Ga. App.* 555 (83 S. E. 967), and cases there cited; *Beard* v. *White*, 120 *Ga.* 1018 (3, 4) (48 S. E. 400).

3. This was a suit by a wholesale whisky company of Baltimore, Maryland, to recover from its agents at Augusta, Georgia, the price of certain whisky labels and whisky cartons. The evidence showed that the contract for the purchase price of these articles was made in Augusta, Georgia, and that their price was a part of the consideration for the sale of whisky in that city, and that both parties to the contract so understood it. The fact that in order to carry out this contract the plaintiff company, having no label plant of its own, had the labels made by another concern, and paid it for them, is immaterial, as is also the further fact that these labels, or some of them, were first shipped by order of the defendants to a third party in Jacksonville, Florida, and afterwards reshipped from that place to the defendants at Augusta, Georgia, as the evidence clearly and indisputably showed that these articles and the cartons were sold for the single purpose of promoting and encouraging the sale of whisky in this State. Moreover, outside of the direct evidence to this effect, this fact is conclusively established by the very nature of the articles sold (the words "Call for Old Rube Whisky" were printed, with the picture of R. A. (Rube) Somers, on the labels, samples of which were in evidence and attached as exhibits to the brief of evidence sent up with the record), coupled with the undisputed fact that they were sold by a foreign whisky house to its *own agents* in Augusta, Georgia, *who were there selling whisky furnished by it*. Under such circumstances the sale of these articles was directly connected with the palpable endeavor on the part of both the plaintiff and the defendants to violate the prohibition laws of this State, and the plaintiff was not entitled to recover. *Grusin* v. *Old Springs Distilling Co.*, 143 *Ga.* 25 (84 S. E. 57); *Small Grain Distilling Company* v. *Davis*, 11 *Ga. App.* 114 (74 S. E. 897).

4. The verdict for the plaintiff was contrary to law and the evidence, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*