G. L. MILLER v. W. H. HOWELL.

(Filed 27 September, 1922.)

**1. Contracts — Fraud — Stipulations — Parol Evidence — Principal and Agent—Bills and Notes—Negotiable Instruments.**

Stipulations in a written contract made by an agent in behalf of his principal that exclude all evidence of agreements made by the agent that are not contained in the written contract are maintainable when the contract itself is valid and enforceable; but where the verbal representations of the agent are fraudulent, and affect the existence of the contract, they are admissible to set it aside in its entirety.

**2. Contracts—Statutes—Public Policy—Fraud.**

Where a note is given in consideration of a contract concerning a transaction that is forbidden and made criminal by the public laws of the State, it is not enforceable between the parties; and it is not required that the statute expressly declare the contract void. *Ober v. Katzenstein*, 160 N. C., 439, cited and distinguished.

**3. Same—Foodstuffs—Commissioner of Agriculture.**

Where a note is given in consideration of the sale of a foodstuff or "conditioner" coming within the provisions of C. S., 4742, requiring the seller to file with the Commissioner of Agriculture a statement of his purpose, a duly verified certificate as to its qualities, for registration, with a labeled package, section 4743 requiring a fee for registration, section 4744 making a noncompliance a misdemeanor, and section 4749 declaring the legislation designed to protect the public from deception and fraud, and these requirements have not been complied with by the seller, the note is uncollectible against the purchaser or maker.

**4. Contracts—Public Policy—Statutes—Fraud—Bills and Notes—Negotiable Instruments—Holder With Notice.**

Where it is properly established by the verdict of the jury that a note, rendered void for fraud or under the provisions of a statute, had been acquired by one not a holder for value, without notice, etc., the claim is affected with the infirmities that would invalidate it in the hands of the original holder.

APPEAL by plaintiff from *Calvert, J.*, at the Fall Term, 1922, of NORTHAMPTON.

The action is on a promissory note for $843.75, given by defendant to the Guarantee Food Company of New York, vendor, dated 3 December, 1917, payable sixty days after date. Plaintiff put on evidence the note endorsed to himself, and also a contemporaneous written contract of purchase containing the stipulation that defendant agreed to adhere strictly and be bound by the terms and conditions specified in the order, and release the Guarantee Food Company of New York from any verbal agreements or conditions of sale not mentioned on the face of the order, etc., etc.

Plaintiff further alleged, and offered evidence tending to show, that he was the endorsee and bona fide holder for value of said note, and same was due and unpaid.

Defendant denied that plaintiff was a purchaser for value and holder in due course of the note in question, and alleged, and offered evidence tending to show, that this note sued on was given to the Guarantee Food Company for stock or poultry conditioner, a food, and at time of contract, and as an inducement thereto, said company, through its agent, represented to defendant, a local merchant, that same was a duly registered article under the laws of this State, a license to sell same having been duly obtained by the vendor company, and made other representations as to the value of his said goods which were false and fraudulent, and made with the design and purpose to cheat and mislead the defendant. That said attempted sale was made by said company and, to plaintiff's knowledge, in direct violation of the laws of the State, in that the article had not been registered nor the tax paid nor license procured, as required by the statute, and the said company and its agent were therefore without lawful authority to make any such sale. That defendant signed at the time of the bargain and before shipment, doing this at the request of the company's agent, who said he didn't care to come back that way for the mere purpose of taking the notes. That before the receipt of goods defendant had become aware that the company's agent had made the false and fraudulent representations, as stated, and that the goods had never been registered under the law, nor had vendor company nor any other ever acquired any right to sell the same in this State, and thereupon defendant had refused the goods and never taken any of them from the railroad warehouse.

It appeared further that plaintiff G. L. Miller was the manager of a company in Ohio, who had made and shipped the goods at the instance of and for vendor company under its pretended contract. The cause was submitted to the jury, and verdict rendered on the following issues:

"1. Is the plaintiff the owner of the notes sued on? Answer: 'Yes.'

"2. Was the defendant induced by fraud to execute and deliver the notes sued on? Answer: 'Yes.'

"3. If so, did plaintiff purchase same before maturity? Answer: 'No.'

"4. If so, did plaintiff purchase same for value? Answer: 'No.'

"5. Did plaintiff purchase said note without notice of any infirmity or defect? Answer: 'No.'"

Judgment on the verdict for defendant, and plaintiff excepted and appealed, assigning errors.

*Stanley Winborne for plaintiff.*

*W. H. S. Burgwyn, D. C. Barnes, and G. E. Midyette for defendant.*

HOKE, J.   There are various exceptions noted by the appellant, more especially as to the determination of the second issue, that as to the procurement of the contract by fraud, the objections being chiefly to the admission and consideration of evidence in contravention of the written stipulations of the contract that defendant "would adhere and be strictly bound by its terms, and releasing the vendor from any verbal agreements or conditions not mentioned on the face of the order."

As pointed out in some of our decisions on the subject, restrictions of this character may be made effective where they appear in a written agreement which abides as the contract of the parties and is controlling in the controversy between them, but they are not allowed to prevail on an issue of fraud involving the validity of the contract itself, and the statements of the agent are offered as tending to show false and fraudulent representations inducing the contract and pertinent to such an issue. *Machine Co. v. Bullock,* 161 N. C., 1; *Machine Co. v. Feezer,* 152 N. C., 516.

The matter is not further pursued, however, for in our opinion, and regardless of any finding on the second issue, no recovery can be had on this note for the reason that same grows out of and is dependent on a transaction forbidden and made criminal by the Public Laws of the State. In 1909, ch. 556, C. S., 4742, it is provided that this foodstuff, or conditioner, the subject-matter of the contract, shall not be sold or offered for sale in this State until the appellant shall file with Commissioner of Agriculture a statement of his purpose, and also for registration a duly verified certificate as to its qualities, and also file with said commissioner a labeled package of each brand, etc.

In section 4743, a registration fee of $20 is required.   Section 4744 provides that any person, corporation, or agent who shall offer for sale any of these articles without having complied with the statutory requirements appertaining thereto shall be guilty of a misdemeanor, etc.   And section 4749 closes with the provision that this legislation is designed to protect the public from deception and fraud in the sale of these specified products.

It clearly appears in this record, and was practically admitted on the argument, that, in regard to this stock and poultry conditioner, the subject-matter of this contract, and for which the note was given, there was an entire failure to comply with these statutory provisions, and, under our decisions applicable, we must hold that the note is not enforceable, assuredly so as between the parties, or as to persons who take without value or with notice of the infirmity.   *Courtney v. Parker,* 173 N. C., 479, citing *Lloyd v. R. R.,* 151 N. C., 536-540; *Edwards v. Goldsboro,* 141 N. C., 60, and other cases.

It is insisted for the appellant that, the statute not having avoided the contract in express terms, the statutory provision by indictment is alone available, to be prosecuted by the State, and that the Court in effect has so held in *Ober v. Katzenstein*, 160 N. C., 439. In the case cited, the statute, now C. S., 1181, requires a foreign corporation, before doing business in this State, to file its charter, etc., with our Secretary of State, with an attested statement showing the amount of stock authorized and issued, its principal place of business, the name of its agent in charge, names and postoffice address of its officers and directors, etc., and in case of failure to comply, imposes a penalty of $500 to be recovered by a suit to be prosecuted by the Attorney-General. And it was held that from the character of the act and its evident purpose the contracts of a foreign corporation doing business in the State without compliance were not avoided, but that the penalty alone was enforceable, and by action as the statute prescribed, but in the instant case the sales of the kind presented are directly prohibited, are made a criminal offense, and it is in terms declared that the statute is enacted for the purpose of protecting the public from "deception and fraud."

In our view, the law appertaining to these facts and the distinction between this and the case of *Ober v. Katzenstein, supra,* are correctly given in *Courtney's case, supra,* as follows: "It is well established that no recovery can be had on a contract forbidden by the positive law of the State, and the principle prevails as a general rule whether it is forbidden in express terms or by implication arising from the fact that the transaction in question has been made an indictable offense or subjected to the imposition of a penalty. *Lloyd v. R. R.,* 151 N. C., 536-540; *Edwards v. Goldsboro,* 141 N. C., 60; *Puckett v. Alexander,* 102 N. C., 95; *Warden v. Plummer,* 49 N. C., 524; *Sharp v. Farmer,* 20 N. C., 255. In reference to an avoidance of a contract by reason of an implied prohibition, it is the rule very generally enforced that recovery is denied to the offending party when the transaction in question is in violation of a statute establishing a general police regulation to "safeguard the public health or morals, or to protect the general public from fraud or imposition." This was held in a recent case of the Supreme Court of Michigan, on a statute very similar to ours, in *Cashin v. Pliter,* 168 Mich., 386, and the position is approved by many well considered decisions of other courts. *Levinson v. Boas,* 150 Cal., 185; *McConnel v. Kitchens,* 20 S. C., 430; *Taliaferro v. Moffitt,* 54 Ga., 150; *Pinney v. Natl. Bank,* 68 Kansas, 223; *Woods v. Armstrong,* 54 Ala., 150; *Deaton v. Lawson,* 40 Wash., 486.

In *Pinney's case, supra,* it was held that, "Where a statute expressly provides that a violation thereof shall be a misdemeanor, a contract made

in direct violation of the same is illegal, and there can be no recovery thereon, though the statute does not in express terms prohibit the contract and pronounce it void."

And in *Lloyd's case, supra,* the position is stated as follows: "It is very generally held, universally so far as we are aware, that an action never lies when a plaintiff must have his claim, in whole or in part, on a violation by himself of the criminal or penal laws of the state."

True, there are many cases which hold that the imposition of a penalty, without more, will not always have the effect of avoiding the contract, but that when the agreement is not immoral or criminal itself, the courts, on perusal of the entire statute, its language, purpose, etc., may determine whether it was the meaning and intent of the Legislature to restrict the operation of the law to the penalty as expressed and specified therein or give it the further effect of avoiding the contract. To this principle may be referred the decisions as to the effect of penalties under the usury statutes and those in enforcement of the collection of taxes, etc., and, generally, the cases of *Ober v. Katzenstein,* 160 N. C., 439, in our own Court; *Harris v. Runnels,* 53 U. S. (12 Howard), 79; *Bowditch v. New England Life Ins. Co.,* 141 Mass., 474; *Neimeyer v. Wright,* 75 Va., 239; *Pangborn v. Westlake,* 36 Iowa, 546; *Lester v. Bank,* 33 Md., 558; *Dunlop v. Mercer,* 156 Fed., 545, are in illustration of the position.

On this record we are not called on to determine whether payment of the note could be enforced by a bona fide endorsee for value and before maturity, for the jury have found, and with no valid exception noted, that plaintiff is neither a holder for value nor without notice, nor even before maturity; and, therefore, his claim is affected with any of the infirmities available as between the original parties.

There is no reversible error in the record, and the judgment on the verdict is affirmed.

No error.