JAMES W. BEAN v. HOME DETECTIVE COMPANY ET AL.

(Filed 28 February, 1934.)

**Actions A c—Courts will not entertain action where both parties are in pari delicto.**

Where the allegations of the complaint reveal that both parties were *in pari delicto* in respect to the matters out of which the cause of action arose, defendant's demurrer to the complaint is properly sustained, it being the policy of the law in such instances to remit the parties to their own folly.

APPEAL by plaintiff from *Sink, J.,* at August-September Term, 1933, of GUILFORD.

Civil action for alleged fraud and deceit.

The complaint alleges:

1. That plaintiff was employed by the defendant company through its agents, the individual defendants, in September, 1929, to aid in promoting its business in High Point, assuring the plaintiff that the work was entirely legitimate and lawful.

2. That the operations of the defendant were unlawful and fraudulent, in that, it was promoting thefts and robberies and ostensibly recovering the stolen goods as a means of creating business and enhancing its reputation as a private detective agency.

3. That on or about 4 November, 1929, upon instructions from the defendant and in the course of his employment, the plaintiff received certain hosiery from a party who had stolen the same from the Royal Hosiery Mill; that the stolen hosiery was turned over to the defendant; and that in consequence of such activities on the part of the plaintiff he was indicted and convicted at the September Term, 1931, Guilford Superior Court, of receiving stolen goods, knowing them to have been feloniously taken or stolen, and sentenced to six months on the roads.

4. That plaintiff has been greatly damaged in the sum of $10,000.

Demurrer interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action; sustained; exception; appeal.

*Garland B. Daniel, Younce & Younce and Brawley & Gantt for plaintiff.*

*Allen Adams for defendants.*

STACY, C. J. The allegations of the complaint are discreditable to both parties. They blacken the character of the plaintiff as well as soil the reputation of the defendant. As between them, the law refuses to lend a helping hand. The policy of the civil courts is not to paddle in muddy water, but to remit the parties, when *in pari delicto,* to their own folly. So, in the instant case, the plaintiff must fail in his suit. *Miller v. Howell,* 184 N. C., 119, 113 S. E., 621.

"It is very generally held—universally, so far as we are aware—that an action never lies when a plaintiff must base his claim, in whole or in part, on a violation by himself of the criminal or penal laws of the State"—*Hoke, J.,* in *Lloyd v. R. R.,* 151 N. C., 536, 66 S. E., 604.

The decisions of other jurisdictions, cited and relied upon by plaintiff, are easily distinguishable, and are not controlling on the allegations of the present complaint. The demurrer was properly sustained.

Affirmed.