JOHN R. WHEELER v. BANK OF EDENTON.

(Filed 22 January, 1936.)

1. **Corporations E c—Stockholder held not entitled to maintain suit to recover damages sustained by corporation from breach of contract.**

Plaintiff alleged that defendant, in consideration of certain collateral turned over to defendant by plaintiff, agreed with plaintiff not to foreclose for a period of one year against assets belonging to a corporation of which plaintiff was a stockholder and president, that defendant breached the contract by instituting foreclosure proceedings against the corporation within the one-year period, and purchased the property at the sale at a grossly inadequate price. *Held:* The damages alleged to have resulted from the wrongful seizure and purchase of the assets of the corporation at a grossly inadequate price were incurred primarily by the corporation, and in the absence of allegation of demand on the corporation or its receiver, in case of receivership, to bring the action, plaintiff may not maintain the action, the case not coming within the exceptions to the rule that stockholders of a corporation may not maintain an action to recover losses sustained by it unless the representatives of the corporation have failed to act.

2. **Banks and Banking C e: Bills and Notes D f: Actions A c—Drawer of worthless check may not maintain action against bank for breach of contract to pay same.**

Plaintiff alleged that defendant bank, in consideration of plaintiff's turning over certain collateral, agreed to pay plaintiff's check in a certain amount, although plaintiff's deposit was insufficient to cover same, that the bank breached the contract by failing to pay same, and that plaintiff suffered damage by reason of the breach by being prosecuted and convicted of issuing a worthless check. Plaintiff took no appeal from the conviction for issuing the worthless check. *Held:* Plaintiff was not entitled to maintain the action, since it was based upon a violation of the criminal law of the State by the plaintiff, the conviction being deemed in accordance with law in the absence of an appeal therefrom.

APPEAL by the plaintiff from judgment on the pleadings entered by *Moore, Special Judge,* at May Special Term, 1935, of CHOWAN. Affirmed.

The plaintiff, who was a stockholder and president of the Edenton Lumber Company, instituted this action against the Bank of Edenton for an alleged breach of contract between the plaintiff and the defendant, and alleges that he delivered to the defendant certain personal collateral, and in consideration thereof the defendant agreed to carry the indebtedness of the Edenton Lumber Company, upon which the plaintiff was an endorser, for a year without foreclosure, and as long as the present inventory of the lumber company was kept up, and in further consideration thereof the defendant agreed to pay a check for $121.25 drawn to the order of Spivey & Company and certain other outstanding checks drawn by the plaintiff upon the defendant bank. The plaintiff alleges that this agreement was made and the collateral delivered to the defendant on or about 4 September, 1931, and that on 1 October, 1931, the defendant, in violation of the agreement, took charge of said lumber company, and, subsequently, on 28 June, 1932, less than a year after the agreement was entered into, started foreclosure proceedings of a deed of trust securing the notes of the lumber company to the bank endorsed by the plaintiff, and, thereafter, at the foreclosure sale, bought the assets of the Edenton Lumber Company at a grossly inadequate price, and further, that the defendant bank refused to pay the check to Spivey & Company drawn by the plaintiff, and as a result thereof the plaintiff was indicted, tried, and convicted in the recorder's court and the Superior Court of Chowan County for giving a worthless check. The plaintiff's demand for judgment for damages is based upon (1) the alleged unlawful and wrongful seizure and purchase of assets of the Edenton Lumber Company, in which the plaintiff was a stockholder, at a grossly inadequate price, and (2) upon the indictment, trial, and conviction of the plaintiff for giving a worthless check.

The Edenton Lumber Company is not a party to this action and it is not alleged that it would not or could not sue in its own behalf.

The defendant set up the counterclaim that the plaintiff had executed and delivered to it three certain promissory notes, and had endorsed another promissory note held by it, all of which were past due and unpaid, notwithstanding demand for payment thereof had been made, and prayed judgment for the total amount of said notes with interest. In his reply the plaintiff admitted the execution and endorsement of the unpaid past-due notes in the hands of the defendant, as alleged in the counterclaim, and pleaded the "breach of agreement and damages set up in the complaint in bar of recovery."

The court granted the motion of the defendant for judgment on the pleadings for the amount sued for in the counterclaim, and from judgment in accord therewith the plaintiff appealed to the Supreme Court, assigning as error the signing of the judgment.

*J. A. Pritchett and John F. White for plaintiff, appellant.*
*W. D. Pruden for defendant, appellee.*

SCHENCK, J. As to the damages alleged to have been suffered by reason of the unlawful and wrongful seizure and purchase at a grossly inadequate price of the assets of the Edenton Lumber Company, it is clear that if such damages were incurred they were incurred directly by the corporation, and only indirectly by the plaintiff as a stockholder. With certain exceptions, into which this case does not fall, a stockholder cannot maintain an action in his own name for damages suffered by a corporation in the absence of an allegation that he had made effort to have the officers and directors of the corporation, or the receiver in case of a receivership, to institute action or take such other steps as were necessary to protect his interest as a stockholder, together with the interest of the other stockholders, and that such representatives of the corporation had failed to act. *Moore v. Mining Company,* 104 N. C., 534; *Ham v. Norwood,* 196 N. C., 762; *Merrimon v. Paving Co.,* 142 N. C., 539.

As to the damages alleged to have been suffered by the plaintiff by reason of the failure of the defendant bank to pay the check given by him to Spivey & Company, which resulted in his indictment, trial, and conviction for giving a worthless check, such conviction in the recorder's court, and in the Superior Court, unappealed from, in the absence of any allegation of fraud on the part of the defendant bank in the procurement thereof, must be presumed to have been regularly and properly had. Such being the case, the plaintiff has suffered no legal wrong for which damages may be recovered. An action never lies when a plaintiff must base his claim, in whole or in part, on a violation by himself of the criminal law of the State, and this principle is not impaired even when the plaintiff is acting under the authority of the defendant. *Lloyd v. R. R.,* 151 N. C., 536, and cases there cited, *Bean v. Detective Co.,* 206 N. C., 125.

Since the plaintiff in his reply admits the execution and endorsement of the past-due notes, now in the hands of the defendant, as alleged in the counterclaim, and merely pleads the "breach of agreement and damages set up in the complaint in bar of recovery" thereon, it is manifest that the defendant was entitled to judgment as entered by the court.

Affirmed.