## 26508. UNIVERSAL GARAGE COMPANY INC. *v.* FOWLER.

STEPHENS, P. J.   1. Where a salesman, whose duty it was to take in money for his employer from sales to customers, and register the amounts taken in on a machine called a "cash register," by which the amounts were stamped by the machine on slips of paper, and to return the slips with his figures representing the totals of the items on the slips, and the cash collected, to the employer, made false additions of the cash items represented on the slips taken from the cash register, so as to show the total amounts as being less than the true aggregate amounts of the various items represented on the slips, and turned over to his employer the slips with the various cash items indicated thereon, together with amounts of money equal only to the total as made by the salesman in his false entries as to the total amounts of cash items, and thereby represented to the employer that the amounts were in accordance with the additions falsely made by him, and the salesman retained for his own use the amounts of cash representing the difference between the amounts represented by the true totals of the cash items, as shown by the slips, and the amounts which the salesman falsely represented as the totals; and where the employer relied with implicit confidence on the honesty and integrity of the salesman as a trusted employee, and did not question the correctness of the totals as recorded by the salesman, but believed in the salesman's honesty and accepted his reports as correct, and did not discover that he had made false totals of the various amounts of cash items represented on the slips, thereby defrauding the employer out of the difference between the amounts of cash taken in as

represented by the items on the slips and the amounts of totals represented by the salesman, until after the expiration of the period of the statute of limitations from the date of the last transaction, the conduct of the salesman constituted a fraudulent concealment of the cause of action so as to toll the statute of limitations.

2. The suit by the employer against the salesman, instituted within the statutory period of limitation after his discovery of the fraud, was not barred by the statute of limitations. The court erred in sustaining the demurrer to the petition upon the ground that the cause of action was barred by the statute of limitations.

*Judgment reversed. Sutton and Felton, JJ., concur. Stephens, P. J., dissents.*

DECIDED MARCH 5, 1938. REHEARING DENIED MARCH 29, 1938.

*James A. Branch, Thomas B. Branch Jr.,* for plaintiff.
*Howell & Post,* for defendant.

STEPHENS, P. J., dissenting. The syllabus above represents the views of only a majority of the court. I dissent therefrom. The employer was under a duty to exercise ordinary care to discover the alleged fraud. In my opinion he was guilty of negligence as a matter of law in not discovering the fraud by failing for a long time, as he did, to add up the slips which the salesman had delivered to him from time to time and to verify the totals made thereon by the salesman. See *Sutton* v. *Dye,* 60 *Ga.* 449. I am of the opinion that the court properly sustained the demurrer on the ground that it appears from the petition that the plaintiff's cause of action was barred by the statute of limitations.