34040. LOWE v. PRESLEY.

DECIDED JUNE 20, 1952.

*Hal Lindsay, Travers Hill, Stanley P. Meyerson,* for plaintiff in error.

*H. O. Hubert Jr., Walter McCurdy,* contra.

SUTTON, C.J.  ■ It is alleged in the petition that the `defendant held himself out to the plaintiff and represented himself as being qualified to handle all phases necessary in the preparation, counseling, and the defense of the pending criminal action, with respect to all auditing work as well as all legal representation necessary in the premises, all of which the plaintiff believed and relied upon.  It is alleged that the defendant was not an attorney at law authorized to practice law in this State or elsewhere, nor was he a qualified auditor or certified public accountant.  However, the petition shows that the defendant engaged in the practice of law, for it is alleged that the defendant advised the plaintiff to plead guilty to an indictment for wilful evasion of Federal income taxes and, after sentence was imposed on the

plaintiff, appeared for him and made a motion to withdraw the plea of guilty.

The practice of law includes not only representation of litigants in court but also giving legal advice. Code (Ann.), § 9-401; *Boykin* v. *Hopkins,* 174 *Ga.* 511 (162 S. E. 796). Such unauthorized practice of law by an individual subjects him to a fine of $500. Code, §§ 9-402, 9-9903. As was said in the case of *Taliaferro* v. *Moffett,* 54 *Ga.* 150, 153: "The general rule of law is, that where the license required by the statute is for the protection of the public, and to prevent improper persons from acting in a particular capacity, and is not for revenue purposes only, the imposition of the penalty amounts to a positive prohibition of a contract made in violation of the statute." Chapter 9-4 of the Code defines and regulates the practice of law, and is intended to protect the public against exploitation by incompetent and unqualified practitioners. 7 C.J.S. 727, Attorney and Client, § 16. Contracts in violation of similar statutes regulating a business or profession have been held voidable in cases involving a druggist (*Taliaferro* v. *Moffett,* supra) ; a physician (*Murray* v. *Williams,* 121 *Ga.* 63, 48 S. E. 686) ; real-estate brokers (*Padgett* v. *Silver Lake Park Corp.,* 168 *Ga.* 759, 149 S. E. 180; *Pratt* v. *Sloan,* 41 *Ga. App.* 150, 152 S. E. 275) ; an insurance carrier (*Jalonick* v. *Greene County Oil Co.,* 7 *Ga. App.* 309, 66 S. E. 815) ; a peddler (*Singleton* v. *State,* 14 *Ga. App.* 527 (3), 533, 81 S. E. 596) ; and a salary buyer (*Mc-Lamb* v. *Phillips,* 34 *Ga. App.* 210, 129 S. E. 570). The public is also entitled to protection against unauthorized practitioners of law.

While money voluntarily paid may not ordinarily be recovered back, nevertheless, this rule has no application where the payment is induced by misplaced confidence, artifice, deception, or fraudulent practice on the part of the person to whom the money is paid. Code, § 20-1007. The relationship of attorney and client is confidential, and it has been said with regard to it: "The law making the relationship of attorney and client confidential is a salutary one, and it is the duty of the courts to strictly enforce it. That relationship makes it imperative that the client rely implicitly upon the acts and words of his attorney, and he is entitled to the protection of law in reposing this confi-

dence." *Lewis* v. *Foy,* 189 *Ga.* 596, 600 (6 S. E. 2d, 788). One who undertakes to perform the professional services of an attorney at law and to engage in the practice of law thereby holds himself out as being authorized by law to do so; and one who accepts employment in such a confidential relationship and a fee for such services to be performed, without disclosing his lack of qualification and authorization under the law to perform the services desired, has practiced a fraud upon his principal which warrants recovery by the principal of the fee paid, where the services which may have been rendered do not appear to have been of any material benefit to the principal. The only services rendered by the defendant to the plaintiff, according to the petition, were to advise him to plead guilty, which the plaintiff did, and then, after a prison sentence had been imposed upon the plaintiff, to attempt to withdraw the plea of guilty on the ground of an erroneous audit. It is alleged that the defendant never made an audit of the plaintiff's accounts, either by himself or by hiring someone competent to do so, although such an audit was necessary and was requested by the judge of the Federal court. The petition does not show that the plaintiff received anything for his $2000, and therefore set out a cause of action for the recovery back of this sum from the defendant.

█ The second ground of the general demurrer ruled upon asserts that the action is barred by the statute of limitations. Both parties concede that the four-year limitation of actions brought upon implied promises is applicable. Code, § 3-706. The present suit was filed more than four years from the time the fee was paid to the defendant, but less than four years from the time the plaintiff is alleged to have first learned of the defendant's lack of qualifications; and the question is, at which time did the statute begin to run?

"If the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitations shall run only from the time of the discovery of the fraud." Code, § 3-807. "Concealment per se amounts to actual fraud where for any reason one party has a right to expect full communication of the facts from another." *U. S. Fidelity &c. Co.* v. *Toombs County,* 187 *Ga.* 544 (7 a) (1 S. E. 2d, 411). Where

the fraudulent concealment of the cause of action is in breach of a confidential relation involving a duty to make full disclosure, the statute does not begin to run until the discovery of the fraud. *Universal Garage Co.* v. *Fowler,* 57 *Ga. App.* 668 (196 S. E. 198). Where one person assumes a relation of confidence to another, such as the relationship of attorney and client, without disclosing his lack of qualification and authorization under the law to perform the legal services contracted for, the principal's cause of action for a rescission of such contract and for the recovery of fees paid to the agent, where no benefits have been received by the principal from such services as may have been performed by the agent, arises when the principal discovers the agent's lack of qualification and authorization under the law to act as an attorney at law. According to the allegations of the petition, the fraud practiced upon the plaintiff by the defendant was a continuing fraud, on account of the confidential relation of the parties, and was not discovered by the plaintiff until December 22, 1947, less than four years from the time the action was begun. In this connection, see and compare *Persons* v. *Jones,* 12 *Ga.* 371 (2), 375; *Hoyle* v. *Jones,* 35 *Ga.* 39, 43; *Kirkley* v. *Sharp,* 98 *Ga.* 484 (25 S. E. 562); *Larkins* v. *Boyd,* 205 *Ga.* 69 (52 S. E. 2d, 307); *Herrington* v. *City of Dublin,* 50 *Ga. App.* 769 (179 S. E. 845).

■ As the petition set out a cause of action which was not barred by the running of the applicable statute of limitations, it was error to sustain the defendant's general demurrers and to dismiss the petition.

*Judgment reversed. Felton and Worrill, JJ., concur.*