38094.   JONES *v.* FAULKNER.

DECIDED APRIL 21, 1960.

*Wavelyn E. Smith, Ivan C. Jones,* for plaintiff in error.
*Scott Walters, Jr.,* contra.

NICHOLS, Judge. While the plaintiff seeks to recover back the money paid the defendant under the pleaded contract because the defendant is not an attorney at law, and while such contention, if the defendant had agreed to represent her as an attorney, may have been good (see *Lowe* v. *Presley,* 86 *Ga. App.* 328, 71 S. E. 2d 730), the petition in the present case is otherwise defective and subject to general demurrer. The contract under which the money in question was paid to the defendant is void because it is illegal, immoral and against the policy of the law. Code §§ 20-501, 20-504. Upon his appointment, an assessor must take an oath "to do equal and exact justice between the parties according to law." Code § 36-403. It is obvious that an assessor who is fettered by the terms of a contract such as that set forth in the petition might have to violate his oath in order to comply with the contract. The law seeks to prevent injustice to any party during assessment proceedings by prescribing the oath of the assessors stated above. "Contracts that obviously and directly tend in a marked degree to bring about results that the law seeks to prevent can not be made the ground of a successful suit. Such contracts are against public policy." *Orkin Exterminating Co.* v. *Dewberry,* 204 *Ga.* 794, 809 (51 S. E. 2d 669), and citations. "A court of justice will not lend its aid to the enforcement of any contract the making of which is prohibited, nor to the enforcement of anything necessary to complete the accomplishment of an unlawful purpose. If the contract is executed it will

be left to stand; if it be executory neither party can enforce it." *Somers & Co.* v. *Cranston Co.*, 20 *Ga. App.* 154, 155 (92 S. E. 772). "If a contract be illegal as against public policy, its invalidity will be a defence while it remains unexecuted. If the illegal contract be in part performed and money has been paid in pursuance of it, no action will lie to recover the money back." *Dorsett* v. *Garrard*, 85 *Ga.* 734, 738 (11 S. E. 768). Under this latter principle the general demurrer to the petition should have been sustained, and the judgment overruling such general demurrer must be reversed.

*Judgment reversed. Felton, C. J., Gardner, P. J., Townsend, Carlisle, Bell, and Frankum, JJ., concur.*