## 54631. CITY OF DECATUR et al. v. SALEM.

QUILLIAN, Presiding Judge.

The plaintiff brought an action against the City of Decatur and its police chief seeking recovery of certain

monies allegedly in the possession of the defendants. The complaint alleged that the funds in question had been given to a sergeant of the Decatur Police Department by Arnold Franklin Bowen; that Bowen transferred and assigned to the plaintiff all right, title and interest in the money which was in custody of the defendants.

The defendants answered denying the material allegations of the complaint and set forth several defenses: (1) that Bowen when he gave the subject funds to the police sergeant surrendered and transferred all of his right, title, and interest in the funds to the sergeant, and that Bowen owned no title, claim, or interest in the funds at the time of his purported transfer and assignment to the plaintiff; that the funds were transferred to the police sergeant absolutely; (2) that Bowen gave the funds to the police sergeant acting on behalf of the City of Decatur with the intention that they constituted "bribery" money for the purposes of influencing the police sergeant in the performance of acts relating to the functions of his employment, and therefore Bowen is not entitled to the aid of any court to obtain a refund of any funds; hence the plaintiff has no standing to institute this action to recover money paid as an intended bribe; (3) that the subject funds are now being held for the purpose of being introduced into evidence on behalf of the State of Georgia in the trial of the case in the DeKalb Superior Court against Bowen, charging bribery and other crimes; that the funds are also being held as evidence in the trial of another indictment in Fulton County.

The plaintiff moved for summary judgment setting out that the pleadings disclose that there is no genuine issue as to any material fact, and that the plaintiff is entitled to judgment as a matter of law on the ground that plaintiff has all right, title and interest in and to the money in question which is now in custody of the defendants and that the defendants have no right, title and interest in and to the money. The trial judge granted the plaintiff's motion and defendants appeal. *Held:*

1. "If a contract be illegal as against public policy, its invalidity will be a defence while it remains unexecuted. If the illegal contract be in part performed and money has been paid in pursuance of it, no action will lie to recover

the money back." *Jones v. Faulkner,* 101 Ga. App. 547, 549 (114 SE2d 542); *Dorsett v. Garrard,* 85 Ga. 734, 738 (11 SE 768).

2. From the record of this appeal, the plaintiff failed to carry his burden of showing there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. Hence, it was error to grant summary judgment in his favor.

3. No ruling is made with regard to the defendants' motion to dismiss.

*Judgment reversed. Shulman and Banke, JJ., concur.*

ARGUED OCTOBER 11, 1977 — DECIDED FEBRUARY 14, 1978.

*Thomas O. Davis,* for appellants.
*Joe Salem, Donna J. Salem,* for appellee.