### 36735. REID v. REID.

BOWLES, Justice.

This is the second suit brought by George H. Reid against his former daughter-in-law, Marian Lee Reid. Larry Reid, Marian's former husband, conveyed certain real property by quitclaim deed to his father, George. Subsequently, Marian sued Larry for divorce. The divorce decree did not specify the ownership of the property in question.

In the first suit, George sued Larry and Marian as tenants holding over. That suit was dismissed by the court. In the second suit George sued only Marian, inter alia, to obtain possession of the property and to get damages for her wrongful possession. Marian answered and counterclaimed seeking to have the quitclaim deed from Larry to George cancelled for fraud and seeking damages on various theories of law. George moved for summary judgment as to Marian's counterclaim. This court granted George's application to appeal the trial court's denial of this motion.

1. In an action for cancellation of a deed, the grantor and grantee are indispensible parties. *Czyz v. Czyz,* 240 Ga. 806 (242 SE2d 585) (1978); *Sowell v. Sowell,* 212 Ga. 351, 355 (92 SE2d 524) (1956). This rule of law applies to actions seeking to cancel quitclaim deeds. *Miron Motel v. Smith,* 211 Ga. 864 (89 SE2d 643) (1955). Larry being the grantor of the quitclaim deed is an indispensable party to an action seeking to set the deed aside. Because Marian prevailed below we believe that equity requires that she be given an opportunity to amend her counterclaim to name Larry as a party. If she does not amend to add Larry as a party, summary judgment should be granted against her on the issue of setting aside the deed.

2. George was not entitled to summary judgment on any other ground urged. On motion for summary judgment, the burden is on the movant to establish the non-existence of any issue. Code Ann. § 81A-156 (c). George has not negated every theory of recovery which Marian might prove to show her rights to the property in question. Although her claim to the property does not appear to be based on a claim or award of alimony, her theory of recovery could be that of resulting trust or title or right to the same by other means.[1] These

---

[1]Marian may be able to show that because she owns the property Larry's quitclaim deed to George conveyed nothing and is a cloud on her title.

possible issues have not been precluded and remain for trial.

3. George is not entitled to summary judgment because Marian has pleaded inconsistent defenses or set up inconsistent claims. Such pleading is permitted under the Civil Practice Act. Code Ann. § 81A-108 (e)(2).

4. George complains that the trial court abused its discretion in failing to require Marian to pay a "fair rental value," or to post bond pending the outcome of the litigation. The trial court ordered Marian to pay into the registry of the court the exact amount of rent requested by George in his suit. We cannot say that the trial court's refusal to require Marian to also post a bond was a manifest abuse of discretion.

*Judgment affirmed on conditions stated in the opinion. All the Justices concur.*

SUBMITTED OCTOBER 3, 1980 — DECIDED OCTOBER 29, 1980.

*Donald O. Nelson,* for appellant.
*Paul S. Weiner,* for appellee.

