37448. TABERNACLE BAPTIST CHURCH et al. v. DORSEY.

UNDERCOFLER, Justice.

Tabernacle Baptist Church and Angerlard L. Dorsey appeal from denial of their motions to dismiss the complaint of Gladys A. Dorsey.[1]

Edward and Gladys had been married. He was the pastor of Tabernacle Baptist Church. The complaint alleges that their marital residence was titled in the name of the church although they had made all payments for the purchase, mortgage, insurance, taxes and repairs relating to the property since the date of acquisition by the church.[2]

To Gladys' complaint was attached a copy of the agreement incorporated into her final judgment and decree of divorce from Edward. Paragraph 2 of the agreement recognized, first, that legal title to the marital residence was vested in the church, although it further recited that the parties had made all payments for the mortgage, insurance, tax assessments and repairs on the property since its purchase by the church. The agreement stated that it "is in no way to be construed as a relinquishment by either party hereto of any equitable interest or right which they, or either of them, may have in and to said property." The agreement gave Gladys exclusive possession of the property until her death or remarriage, required Edward to pay the mortgage and all taxes, liens and assessments, and

---

[1] Their application to appeal was granted. Code Ann. § 6-701 (a) (2).

[2] Present counsel for the parties offered no more than speculations about why the property was titled in the name of the church.

required Edward to keep the premises in "good repair." It provided that Edward was to pay Gladys $150 per month until her death or remarriage in the event she was "involuntarily removed from said residence" by the "titled owners of said property," or because of other causes specified.

Edward later married Angerlard. The church deeded the property to Edward, who deeded it to Angerlard. Gladys sued Edward, the church, and Angerlard seeking cancellation of the two conveyances or to establish her right to the property. She also sought a money judgment against Edward for unpaid costs of necessary repairs to the property, and a temporary injunction against Angerlard's encumbering or disposing of the property pending resolution of the issues. The injunctive relief sought was granted.

Edward died during the pendency of the suit. His death was suggested on the record on October 21, 1977, in accordance with Code Ann. § 81A-125 (a) (1). Because no motion for substitution was made during the 180-day period provided by law, or during the many months thereafter, the trial court dismissed the complaint as to Edward on November 19, 1980. That dismissal has not been appealed. The court also dismissed as against the church and Angerlard all of Gladys' claims that could have resulted in the cancellation of the two conveyances, but left the complaint for declaratory judgment pending against the church and Angerlard.

After proper certification by the trial court and grant of their application to appeal, the church and Angerlard appeal, contending that all remaining portions of the complaint should have been dismissed as against them. We disagree and affirm.

1. We adhere to the rule that the grantor and grantee are indispensable parties in an action for cancellation of a deed. *Reid v. Reid,* 246 Ga. 592 (272 SE2d 685) (1980). The trial court correctly held that Gladys' claim against the church and Angerlard for cancellation of the deeds must be dismissed for lack of an indispensable party.

2. The judgment below was correct because the dismissal of Edward as a party to the suit was an adjudication on the merits as to his interest in the litigation since no motion for substitution of parties ever was made. See *Jernigan v. Collier,* 234 Ga. 837, 840 (4) (218 SE2d 556) (1975).

3. We disagree with the church's and Angerlard's contention that no relief can be available to Gladys unless the two deeds can be cancelled. Gladys asserts an equitable interest in the property not terminated by the agreement incorporated into her final judgment and decree of divorce from Edward. She refers to language of the agreement supportive of her contentions. The agreement is not,

however, free of ambiguities, as it contains other language which the church and Angerlard contend evidences an intention to allow the church to evict Gladys from the property. The trial court correctly held that this is an appropriate case for a declaratory judgment construing the divorce judgment and decree. *Royal v. Royal,* 246 Ga. 229 (271 SE2d 144) (1980).

*Judgment affirmed. All the Justices concur, except Hill, P. J., who dissents.*

DECIDED MAY 26, 1981 —
REHEARING DENIED JUNE 16, 1981.

*Joe Salem, Donna J. Salem,* for appellants.
*Read, Huddleston & Medori, Eugene A. Medori, Jr.,* for appellee.