## 63945. STROUP v. CASTELLUCIS.

CARLEY, Judge.

On November 15, 1980, appellee-plaintiff purchased a used motor vehicle from appellant-defendant. Approximately thirty-two days after the date of purchase, the vehicle developed certain mechanical problems. Appellant refused appellee's demand to make the necessary repairs.

Appellee brought this action against appellant for breach of an oral express warranty premised upon appellant's assurances at the time of sale that the vehicle was in "first class running condition" and that appellant would make any repairs necessary to ensure such representation. In his answer, appellant denied the material allegations of the complaint and asserted that his warranty as to the condition of the vehicle was limited to thirty days from the date of purchase and that the mechanical problems complained of resulted from the negligence of appellee in operating the vehicle without oil in the engine. Also, appellant counterclaimed for damages as the result of alleged misrepresentations made by appellee concerning the condition of the vehicle which appellee "traded-in" at the time of the sale in question.

Following discovery, appellee moved for summary judgment. The trial court granted summary judgment in favor of appellee in the main action and as to appellant's counterclaim. Appellant appeals.

1. In order to recover on the main action, appellee had to demonstrate (1) the existence of the warranty, (2) the breach of that warranty, and (3) that he had sustained recoverable damages as the proximate result of such breach. *Fender v. Colonial Stores,* 138 Ga. App. 31, 32 (225 SE2d 691) (1976). Contrary to appellee's contentions, the record shows there to be conflicts in the evidence as to the exact nature and terms of any warranty made by appellant concerning the vehicle purchased by appellee. Even assuming the warranty to be as contended by appellee, genuine issues of material fact remain as to whether the failure of the engine was a breach of the warranty that the vehicle was in "first class running condition" or whether, as contended by appellant, the mechanical problem

resulted from appellee's negligence in operating the vehicle without adequate oil in the engine.

As to the main action, appellee failed to carry his burden of showing that there were no genuine issues of material fact to be resolved by a fact finder and that he was entitled to judgment as a matter of law. Accordingly, the trial court erred in granting summary judgment in his favor. *City of Decatur v. Salem,* 144 Ga. App. 809, 811 (2) (242 SE2d 744) (1978).

2. After a careful review of the record, and construing the evidence most favorably for appellant and against appellee as we must on summary judgment, we conclude that the evidence contained therein does not pierce appellant's pleadings as to his counterclaim against appellee. Therefore, the grant of summary judgment in favor of appellee on appellant's counterclaim was also error. Code Ann. § 81A-156 (c); *Griffin v. Wittfeld,* 143 Ga. App. 485 (2) (238 SE2d 589) (1977); *Reid v. Reid,* 246 Ga. 592 (2) (272 SE2d 685) (1980).

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JULY 15, 1982.

*Wayne W. Gammon,* for appellant.
*Milton D. Brooks, Michael E. Seigler,* for appellee.