Miller *vs.* The Southwestern Railroad Company.

JAMES T. MILLER, administrator, plaintiff in error, *vs.* THE SOUTHWESTERN RAILROAD COMPANY, defendant in error.

JOHN LOVETTE, administrator, plaintiff in error, *vs.* THE SOUTHWESTERN RAILROAD COMPANY, defendant in error.

(JACKSON, Judge, having been of counsel, did not preside in these cases.)

The Code limits the right to recover for the homicide of another to the widow or children of the deceased, omitting the words, contained in the act of 1856, "if no child or children, it shall vest in his legal representative." This court is bound to presume that such words were intentionally omitted, and the right of action thereby given no longer exists.

Actions.    *Torts.*    Homicide.    Before Judge HILL.    Bibb Superior Court.    October Adjourned Term, 1874.

The two cases above stated were argued and determined together.

Reported in the decision.

WOOTEN & SIMMONS, for plaintiffs in error.

R. F. LYON, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff, as administrator of William M. Miller, deceased, against the defendant, to recover damages for the alleged homicide of the plaintiff's intestate, by the negligent running of its engine and cars upon its road. The defendant demurred to the plaintiff's declaration. The court sustained the demurrer and dismissed the plaintiff's action, whereupon the plaintiff excepted.

The only question presented for our consideration and judgment is, whether that part of the 4th section of the act of 1856, which provides that if any one shall be killed by the carelessness, negligence or improper conduct of any railroad company, their officers, agents or employees, by the running of the cars or engines of any of said companies, when there is no

Miller *vs.* The Southwestern Railroad Company.

widow, child or children, the right of action to recover damages was vested in the legal representative of the party killed, is superseded by the 2971st section of the Code. That section of the Code declares that a widow, or if no widow, a child or children, may recover for the homicide of the husband or parent, and if suit be brought by the widow or children, and the former, or one of the latter dies, pending the action, the same shall survive in the first case to the children, and in the latter case to the surviving child or children. When the legislature, by the enactments in the Code, has undertaken to deal with the subject matter of prior statutes, and either alters or modifies the same, the law, as declared in the Code, will be considered as the latest expression of the legistive will in relation to that subject matter upon which it has acted. In providing in the Code who might recover damages for the homicide of another, it is limited to the widow and children of the husband or parent; the words in the act of 1856, "if no child or children, it shall vest in his legal representative," are omitted, and as the legislature, in adopting the 2971st section, as it is found in the Code, were dealing with the same subject matter as contained in the 4th section of the act of 1856, we are bound to presume that the words "if no child or children, it shall vest in his legal representative," were *intentionally* omitted. In view of the previous rulings of this court in the case of the *Georgia Railroad Company vs. Wynn,* 42d *Georgia Reports,* 331, and in the case of *Allen vs. The Atlanta Street Railroad Company,* decided at the present term, the question in the record now before us can hardly be said to be open for discussion here.

The case of *Lovette, administrator, vs. The Southwestern Railroad Company,* involving the same question, was argued together with the case of *Miller, administrator,* against the same defendant.

Let the judgment of the court below, in both cases, be affirmed.