DORSETT *v.* GARRARD *et al.*

1. A county commissioner could not legally demand or accept a commission or profit for selling property for the county, whether he performed his duties as commissioner with or without compensation. The purchasers of the property, having paid the commission exacted, cannot recover it; the contract for charging and paying it being illegal.

2. The other county commissioners could not authorize one of their number to charge such commission for making the sale.

3. If they could not so authorize, they could not ratify.

(a) An officer is not rendered legally incompetent to discharge duties which are clearly extra-official and outside of the scope of his official duty. If employed to render service in an independent employment not germane or incidental to his official duties, he might recover for such service.

BLANDFORD, J., not presiding, from disqualification.

July 12, 1890.

Officers. Counties. Principal and agent. Trusts. Public policy. Contracts. Ratification. Before Judge HARDEN. City court of Savannah. February term, 1890.

Reported in the decision.

DENMARK, ADAMS & ADAMS and J. R. SAUSSY, for plaintiff in error.

CHARLTON & MACKALL, *contra*.

SIMMONS, Justice.

It appears from the record in this case that the county of Chatham had five commissioners and *ex officio* judges, whose duty it was to look after the interests of the county with regard to its roads, bridges, public buildings and other property, its financial affairs, etc., and to perform this service without compensation. The county owned a certain tract of land in the city of Savannah, which the commissioners desired to sell, and it was advertised for sale by their order. Garrard and Myers, the defendants in error, saw the advertisement and concluded to purchase the property. Garrard saw Estill, one of the commissioners, and inquired about the land, the size of the lot, price, etc. Estill referred him to Dorsett, the plaintiff in error, who was also a commissioner, and whose business occupation was that of real estate agent. Garrard had an interview with Dorsett about the size and price of the lots, etc., and Dorsett told him, in substance, that the land was for sale but that the commissioners had not fixed upon any price, but would do so at their next meeting. Upon Garrard's intimating a desire to purchase the land, Dorsett told him that he would have to pay him a commission of two and a half per cent. upon the sale. Garrard, as he alleges, believing that Dorsett was authorized by the board to charge this commission, agreed to pay it. Subsequently the board fixed the price of the lots which Garrard and Myers wished to purchase, at $16,000, and they became the purchasers thereof at that amount, and paid Dorsett $300 as part of the commission which he charged upon the sale of the land. After the sale

and after the payment of the $300 to Dorsett, Garrard and Myers ascertained, as they alleged, that the board of commissioners had not authorized Dorsett to charge commissions upon the sale of the land, and they demanded of Dorsett the return of the $300 which they had paid. Dorsett refused, and they brought their action against him to recover the amount. They alleged in their petition that the money was paid by them through a mistake, they believing that Dorsett was authorized to charge commissions when in truth and fact he was not. Dorsett claimed that he was so authorized by the commissioners, and that he was entitled, as a real estate agent, to charge such commission, although he was a county commissioner. On the trial of the case the jury found a verdict for the plaintiffs. Dorsett moved for a new trial, which was refused, and he excepted. Among the grounds in the motion were the following :

"Because the court erred in refusing to give in charge the following written request : 'Even should the jury find that because the defendant was a county commissioner he had no right to charge commissions, yet if the plaintiffs knew he was a commissioner when the money sued for was paid, the plaintiffs cannot recover back the money on this ground.'

"Because the court erred in refusing to give in charge the following written request : 'If the jury find that the defendant could not charge, and that the reason for this was the fact that he was a county commissioner, the plaintiffs could not recover the money back if they knew that the defendant was a commissioner when they paid him,—and it is here admitted that the plaintiffs did know.'" (6th and 7th grounds of amended motion.)

1. We think the court erred in refusing to give in charge these requests. They are doubtless predicated

upon the principle that a trustee or an agent could not make a personal profit from his principal's property (Code, §3187), and that any contract made by him for that purpose was contrary to public policy and void. Dorsett was a trustee or agent of the county. Our constitution declares that "Public officers are the trustees and servants of the people." Bill of Rights, paragraph 1 (Code, §4993). As a trustee and servant of the people who owned this property which had been advertised for sale, it was the duty of Dorsett, as well as of the other commissioners, to exercise his best judgment and skill, and to do everything reasonably in his power to obtain the best price for the land. This duty was imposed upon them by law when they accepted the office, and it does not matter, in our opinion, whether they were to receive compensation from the county for this duty or not. The office was not forced upon them, but was voluntarily assumed. Their duties were the same whether paid for by the county or not. Having accepted the office, they were bound by the law and their oaths to discharge these duties to the best of their ability, and it would be illegal for them or any one of them to demand or accept any compensation for the performance of the duties imposed by law. Greenhood on Public Policy (p. 328) lays down the rule that "any contract to pay a public officer for doing his duty when he is required to do it without such payment, or to pay him a greater sum than contemplated by the laws of the government which he is serving, is void." See Mechem Public Offices, §§376, 861, 882, 883, 885 ; 1 Whart. Contr. §§413, 500, 502; New Haven, etc. Co. v. Hayden, 117 Mass. 438 ; City of Newton v. Chicago, etc. Co., 66 Iowa, 422; Lancaster County v. Fulton, 5 Lawy. Annot. Rep. 436 ; Adams County v. Hunter, 43 N. W. Rep. 208. "A trustee can make no profit for himself out of the trust estate." *Dowling* v. *Feeley*, 72

*Ga.* 557. "The rule that one holding a position of trust. cannot use it to promote his individual interests by buying, selling or in any way disposing of the trust. property, is now rigidly administered in every enlightened nation, and its usefulness and necessity become more and more apparent." Butts *v*. Wood, 37 N. Y. 319. The law forbidding the trustee or agent to make a profit out of his principal's property, and declaring that any contract made with him, the consideration of which is to do his duty, is illegal and void, it follows that the contract made between Dorsett and Garrard and Myers for the payment to the former of this commission was illegal. The contract being illegal, Dorsett could not by law have collected the commission from Garrard and Myers if they had refused to pay it. But as they did pay it, or a part thereof, the law, for the same reason, will not allow them to recover it back. "The law will leave the parties where they place themselves, not for the sake of the defendant, but for the law's sake, and that only." Attaway *v*. Bank, 5 S. W. Rep. (Mo.), 20. "If a contract be illegal as against public policy, its invalidity will be a defence while it remains unexecuted. If the illegal contract be in part performed and money has been paid in pursuance of it, no action will lie to recover the money back." Smith on Contracts, 259 ; Ellicott *v*. Chamberlin, 38 N. J. Eq. 612.

2. But it is claimed by Dorsett that he was authorized by the other commissioners to charge this commission, and that this authorization or consent of the other commissioners takes it out of the rule we have been discussing. In answer to this, we will say that the jury found this fact against him; for the court charged the jury that if the other commissioners authorized Dorsett to charge a commission on the sale, they should find against the claim of the plaintiffs; and we think from

a careful review of the testimony that their finding was right upon this question. The evidence fails to disclose any consent or authority from the other commissioners, either as a board or individually. But whether this be true or not, in our opinion it makes no difference. The law being that he could not make a profit out of the county's property, the other commissioners had no power or authority to allow him to do so, either individually or as a board. The law will not allow a board of county commissioners or the mayor and aldermen of a city to contract with one of their members or agree to compensate him for anything he may do in the performance of his official duties, whether the act done is an admitted part of his duty or is incidental or collateral thereto. See Mechem Pub. Off. §862. In regard to municipal corporations, the legislature of 1872 thought proper to enact (Code, §796) that "No person holding office under any municipal corporation shall, during the time for which he was elected or appointed, be capable of contracting with such corporation for the performance of any work which is to be paid for out of the treasury, nor shall any person be capable of holding or having any interest in such contract, either by himself or by another, directly or indirectly." The legislature of New York in 1843 passed a similar act, and the Court of Appeals of that State, in the case of Smith v. City of Albany, 61 N. Y. 444, held that the act was simply declaratory of the common law. The mayor and council of Albany had determined to celebrate the 4th of July, and contracted with Smith, one of their number, who owned a livery-stable, to furnish the carriages for the occasion. The court held that the contract was illegal and that Smith could not recover, and in the opinion used the following language: "The common council of Albany, of which the plaintiff was a member, were the agents of the city, and while holding that

relation to it each member of that body was under such an obligation of absolute loyalty to the interests of the city as prohibited any member of the board from entering into any arrangement with his associates by which his individual interest could come in conflict with the interests of his constituents, who are entitled exclusively to such an exercise of his caution and judgment in their behalf as an ordinarily prudent man would exercise in his own business. In bargaining for the city he could not be one of a party, acting as an employer, and become himself, by the same bargain, an employee. The rule upon this subject, as well as the reason for it, is so clearly stated by the late Justice Story in his treatise on Agency, as to render a restatement of it in the words of the learned author quite appropriate. 'It may,' he said, 'be correctly said with reference to Christian morals, that no man can faithfully serve two masters whose interests are in conflict. If, then, the seller were permitted, as the agent of another, to become the purchaser, his duty to his principal and his own interest would stand in direct opposition to each other; and thus a temptation, perhaps in many cases too strong for resistance by men of feeble morals or hackneyed in the common devices of worldly business, would be held out, which would betray them into gross misconduct and even into crime. It is to interpose a preventive check against such temptations and seductions that a positive prohibition has been found to be the soundest policy, encouraged by the purest principles of Christianity." In the case of the *Mayor of Macon v. Huff,* 60 *Ga.* 228, JACKSON, J., in discussing this question, says, " The current of Georgia policy, both in legislative and judicial channels, runs steadily in one direction and to one point, that no man who is agent or trustee for another, whether a private or public agent or trustee, shall have an opportunity or be led into the temptation to make

profit out of the business of others entrusted to his care, by bargaining with himself in respect to that business." In the case of Pickett v. School District, 25 Wisc. 551, it was held that it is a violation of trust for several persons holding a fiduciary relation to others, to contract with one or more of their own number in matters relating to such business. So upon principle and authority we are clear that a board of county commissioners has no power to authorize one of its members to receive compensation for an act which it is his duty under the law to perform.

3. If they had no power to authorize it in the first instance, the same board could not ratify it. *Mayor, etc.* v. *Huff, supra.*

We do not mean by the foregoing opinion to hold that under no circumstances could the board make a valid contract with one of its members. An officer is not rendered legally incompetent to discharge duties which are clearly extra-official and outside of the scope of his official duty. If employed to render service in an independent employment, not germane or incidental to his official duties, he might recover for such service. Mechem Pub. Off. §863; Evans v. City of Trenton, 4 Zabr. (N. J.) 768.

The decision of these points will make a final disposition of the case, and it is therefore unnecessary to discuss the other propositions in the motion for a new trial.

*Judgment reversed.*