KIDD *v.* BROWN *et al.*

1. According to the evidence in support of a writ of habeas corpus to obtain the custody of a minor, a man, or he and his wife, owed a debt to the applicant, and they agreed that their fourteen-year-old son should work for the creditor at the rate of five dollars per month to pay such debt; that if the creditor saw proper to advance clothes and other necessaries to the boy, the wages of the latter should be retained until such advances were also paid for; and that "in order that this contract may be carried out according to all intents and purposes," the creditor should have as full control over their son as they had as parents, and the right to hire him out to any person as he might wish. *Held,* that if there were a breach of a lawful contract of hiring of a son by his father, the remedy would be by suit for the breach, not by writ of habeas corpus for the custody of the minor in order to compel him to work to pay the debt.

2. *Semble,* that the contract, so far as it provided for releasing the parental authority for the purpose indicated in the preceding headnote, was contrary to public policy and unenforceable.

MARCH 14, 1911.

Habeas corpus. Before Judge Meadow. Hart superior court. August 27, 1910.

A writ of habeas corpus was sworn out before the ordinary of Hart county by C. I. Kidd, who contended that he was entitled to the custody of Willie Brown, a minor son of Henry and Wennie Brown. The sheriff took charge of the boy and kept him in jail pending the hearing. The ordinary, at the hearing, awarded the custody of the boy to C. I. Kidd. The parents, who were the respondents in the habeas-corpus proceeding, carried the case to the superior court by writ of certiorari. The material facts were as follows: Kidd of his own accord bought an old fi. fa. against Wennie Brown in favor of one Vickery. He had it levied, but, after some litigation, failed to realize on it. He secured a note for the amount of the fi. fa., which was signed by Wennie Brown, and indorsed by her husband, and her son, Walter Brown. On the same day that the note was executed, and to secure its payment, a contract was entered into and signed by Henry and Wennie Brown and by Kidd. It was as follows: "This contract entered into this the 29th day of March, 1909, between Henry Brown and Wennie Brown of the one part, and C. I. Kidd of the other part, all of said State and county, witnesseth, that said Henry Brown and Wennie Brown are indebted to said C. I. Kidd in the sum of Eighty-one and no/100 dollars which they agree to pay by January 1st, 1910, together with interest at the rate of eight per cent. per annum from this date and ten per cent. attorney's fees; and they hereby agree to hire their son Willie Brown, who is fourteen years of age, to said C. I. Kidd for a period of two years, beginning January 1st, 1910, at the rate of five dollars per month, to secure the above-stated amount, together with interest and attorney's fees above stated, as well as all other advancements made from time to time during the period above stated to the said Willie Brown for everyday wearing apparel and other necessaries which the said C. I. Kidd may see proper to furnish, and that the said Henry Brown and Wennie Brown agree for said C. I. Kidd to retain the monthly wages of their son until the amounts for which they have obligated themselves as above stated, together with whatever advancements are made in pursuance of this contract, are paid in full; and in order that this contract may be carried out according to all intents and purposes, the said Henry Brown and Wennie Brown agree for said Kidd to have as full control over their said son as they have as parents, and to hire him to whomsoever he wishes and at whatever price he wishes,

provided it be not less than five dollars per month; and it is further agreed that if for any reason the said Willie Brown is prevented from performing the services for the time specified in this contract, then the said Henry Brown shall begin work from the time of said failure of said son and work at ten dollars per month for said Kidd until all the indebtedness above mentioned is fully paid. Or the said Henry Brown and Wennie Brown shall furnish another boy at a reasonable price as a substitute for the boy first mentioned. The said C. I. Kidd agrees to pay the above-stated amount as alleged, and otherwise carry out the provision of this contract as is intended herein for him to do. The said Henry Brown and Wennie Brown hereby make oath that they have not hired said son to any other person or persons for the period or any part thereof covered by this contract, and the said Henry Brown makes oath that he is not under a contract with anybody for the period or any part thereof covered by this contract." The note was not paid when it became due. Some months afterwards Kidd tried to get the parents to let him have the boy under the terms of the contract. This they refused to do, and denied that they had any such contract, claiming that they were deceived as to the character of the paper which was presented to them. On this subject there was conflicting evidence. The judge of the superior court reversed the judgment of the ordinary, and rendered a final judgment, awarding the custody of the child to his parents. Kidd excepted.

*A. G. & Julian McCurry,* for plaintiff.

*A. S. Skelton,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.) The writ of habeas corpus may be used as a means of freeing one from illegal custody. It can not be used as a means of obtaining custody of a minor's person, so as to compel him to work and pay the pre-existing debt of his parent, although such parent may have agreed that the minor should thus pay his debt. When the writ is used as a means of determining who is entitled to the custody of a minor, the welfare of the minor is an important factor to be considered. The child can not be dealt with like merchandise or a mere animal. The relinquishment of parental control by agreement which the law recognizes does not mean the delivery of the minor's body, like a chattel, to another for the purpose of being compelled to pay, by his labor, the father's debt.

The contract in the case at bar was not for the care, maintenance, or support of this boy, fourteen years of age. It was to deliver him up to labor in order to pay a pre-existing debt admitted to be due by his parents. If the creditor saw proper to furnish the boy any "every-day wearing apparel and other necessaries," the wages of the latter were to be held until such amounts were paid, as well as the original debt; "and in order that this contract may be carried out according to all intents and purposes, the said Henry Brown and Wennie Brown [the father and mother] agree for said Kidd [the creditor] to have as full control of their said son as they have as parents, and to hire him to whomsoever he wishes and at whatever price he wishes, provided it be not less than five dollars per month."

In *Eaves* v. *Fears,* 131 *Ga.* 822 (64 S. E. 270), it was said: "It would be an inhuman, and, indeed, a monstrous act, for a father to dispose of his child as he would a piece of property, solely to relieve himself of his child's care and support, or for any pecuniary considerations. The law, in providing that he could lose his parental power by a voluntary contract, never contemplated that the father would dispose of his child solely for the purposes above stated, nor would it look with favor on any such contract. The State is vitally interested in the existence and the proper moral, intellectual, and physical training of its children who are to become its men and women;" and "as above stated, it did not contemplate a contract with all the incidents of a bargain and sale."

Specific performance of a contract for purely personal services will not be decreed by a court of equity. *Willingham* v. *Hooven, Owens, Rentschler & Company,* 74 *Ga.* 233 (58 Am. R. 435). Nor can the writ of habeas corpus be used in lieu of a decree of specific performance.

The parents of the child refused to yield his custody to the creditor. They set up fraud in the procurement of the contract, as well as its illegality. The boy did not desire to go with the creditor. The writ was sued out to secure his custody, in order to enforce the payment of the debt. It would seem that such a contract, if freely made, was contrary to public policy, as to the part of it affecting the release of parental control for the purpose named. And in any event, if the contract were to be held

valid as to the hiring, a suit for damages for its breach, not a writ of habeas corpus, would be the remedy.

The presiding judge properly reversed the judgment of the ordinary and awarded the custody of the boy to his parents.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*