### 3051. McCOOK v. LAUGHLIN.

1. There was no error in the allowance of an amendment to the affidavit of illegality, which merely amplified a pre-existing ground alleging payment. The reference to the contract was immaterial. The material subject of inquiry was whether the mortgagor had paid the transferee of the mortgage a sufficient amount to discharge the mortgage, either in money or in specifics accepted by the transferee in lieu of money. A mortgagor has the right to direct that an unquestioned indebtedness due to him by the holder of the mortgage shall be applied towards the payment of the mortgage and the discharge of its lien, and such direction is equivalent to payment.
2. There was no error in refusing to strike the answer to the mortgage foreclosure. It stated the defendant's case so fully as to put the plaintiff on notice, and its allegations, if proved, constituted a valid defense.
3. The evidence authorized the verdict, and there was no error in refusing a new trial.

- DECIDED JULY 25, 1911.

Foreclosure of mortgage; from city court of Sparta—Judge Moore. October 22, 1911.

*R. H. Lewis, R. L. Merritt,* for plaintiff.

*Burwell & Fleming,* for defendant.

RUSSELL, J. McCook foreclosed a mortgage on certain personal property. The mortgage was originally given to one Evans Johnson, and was by him transferred, on March 2, 1908, to McCook. To the foreclosure of the mortgage, Laughlin, the defendant, interposed an affidavit of illegality, in the first paragraph of which he pleaded that the mortgage had been fully paid, and in the remaining paragraphs proceeded to state the manner in which the payment was made. On the trial he was permitted, over objection of the plaintiff, to amend his affidavit of illegality by setting up that the mortgage was originally made to Johnson, and that after December, 1908, the plaintiff advanced to the defendant sufficient money under said contract to pay off the mortgage, but caused the mortgage to be transferred to himself, and held the same as an advance to the defendant under the contract, and that the defendant had paid it as a part of the things advanced under the contract.

A second paragraph of the amendment averred that the defendant having paid the plaintiff since the said transfer considerably more than the amount of the mortgage, the mortgage was fully paid off and discharged, and should be canceled. The plaintiff objected

to the allowance of this amendment, upon the ground that the proceeding was "a foreclosure of a mortgage purchased by the plaintiff in this case from an outside party, against this defendant," and "that the defendant seeks to plead another contract between [the plaintiff] and the defendant, and not a plea to the mortgage sought to be foreclosed; and, further, because said amendment attempts to set up a plea of payment, and does not set out when paid, where paid, and to whom paid." The affidavit of illegality had attached to it an itemized bill of particulars, setting out certain lumber furnished by the defendant to the plaintiff, and certain labor which he alleged he had performed for him. We fail to see the point of the objection to the amendment, or how the question is affected by the fact that the mortgage was originally payable to Evans Johnson, instead of to McCook, the plaintiff in fi. fa. The question as to whether there was any other contract between McCook and Laughlin is immaterial, except in so far as it is a part of the history of the case.

The real question is whether, as stated by the defendant, he had paid McCook enough to discharge the mortgage. Whatever contracts may have existed between McCook and Laughlin, or regardless of when the mortgage was transferred to McCook, if, as a matter of fact, Laughlin made payments to McCook, at any time while McCook was the holder of the mortgage, which the debtor directed to be applied in extinguishment of the mortgage, these payments would be good; and if the payments made by him were sufficiently large to extinguish the indebtedness, then the levy should be dismissed. According to the allegations of Laughlin's affidavit of illegality, or plea, he made a contract with McCook, in December, 1908, by which McCook agreed to buy certain lumber from him at a specified price, and this, so far as this case is concerned, is perhaps the only material use of the contract. According to the defendant's affidavit, when compared with the statement rendered him by McCook, he had paid enough to have discharged the mortgage, and he alleged that this was the understanding. He testified that he directed that the lumber for which he was not otherwise paid be applied to the discharge of the mortgage; and this would have been equally effectual.

*Judgment affirmed.*