MARCH TERM, 1916.                        [17 Ga.

### 6940.  CROSS v. FOOTE, marshal.

WADE, J.  1.  The writ of habeas corpus may be used as a means of free-
ing one from illegal custody (*Kidd* v. *Brown*, 136 *Ga.* 85, 87, 70 S. E.
881); but "habeas corpus can not be made a substitute for certiorari,
bill of exceptions, or other similar remedial procedure, by which errors
and irregularities in judgments or convictions are to be corrected.  A
conviction can be attacked by habeas corpus only when it is void.  A
judgment, though founded on no evidence, is not void where the de-
fendant has actually or constructively had his day in court." *Davis* v.
*Smith*, 7 *Ga. App.* 192 (5), 195 (66 S. E. 401).

2.  Generally, on the trial of habeas-corpus proceedings, the legality of the
detention alone is to be determined; and whether or not the applicant
for the writ is guilty of the charge upon which the right of custody is
claimed is not an issue.  *Stephens* v. *Henderson*, 120 *Ga.* 218, 220 (47
S. E. 498); *Hudson* v. *Jennings*, 134 *Ga.* 373 (67 S. E. 1037).

3.  The answer to the writ of habeas corpus shows that the applicant was
detained under and by virtue of a valid judgment rendered by a court
of competent jurisdiction, and that the detention at the time of the hear-
ing was lawful.  There was therefore no error in remanding the appli-
cant to custody, regardless of whether the trial of the applicant was not
free from irregularities, and notwithstanding the person applying for
the writ may have been arrested originally, and before her trial and
conviction, without lawful warrant or authority.  The cases of *McDon-
ald* v. *Farmers Supply Co.*, 143 *Ga.* 552 (85 S. E. 861), and *Brieswick* v.
*City of Brunswick*, 51 *Ga.* 639 (21 Am. R. 240), cited by counsel for
plaintiff in error, are not in point.

                    *Judgment affirmed.  Russell, C. J., absent.*
                        DECIDED APRIL 17, 1916.

Habeas corpus; from city court of Millen—Judge T. L. Hill.
August 10, 1915.

*Frank G. Rabb,* for plaintiff.  *G. C. Dekle,* for defendant.