COLE *et al. v.* FRANKLIN PLAN COMPANY.

No. 9091. FEBRUARY 22, 1933.

*M. B. Eubanks,* for plaintiffs.

*Wright & Covington,* for defendant.

ATKINSON, J.  Pete R. Cole and J. P. Primm brought a petition for injunction against the Franklin Plan Company, a corporation, alleging that the defendant was engaged in the money-lending business under the terms of the act of 1920 (Ga. L. 1920, pp. 215-220), charging interest at 3½ per cent. per month.  The defendant filed a demurrer on general and special grounds.  The exception is to an order sustaining the demurrer and dismissing the petition.  It is stated in the brief of the attorney for the plaintiffs, that "All questions made in the record, except that which relates to the act of 1920 violating and contravening the 14th amendment to the Federal constitution, in that it denies the equal protection of the laws, are waived," and a decision on this question alone is asked for.  It is alleged that the act of 1920 (Ga. L. 1920, pp. 215 et seq.) commonly known as the small loan law, is unconstitutional and void, because it is in violation of and repugnant to the provision of the 14th amendment to the constitution of the United States that no State "shall deny to any person within its jurisdiction the equal protection of the laws," for the following reasons to wit: that a person borrowing the sum of $300 from the defendant may, under the terms of said act, be compelled to pay 42 per cent. interest per annum, while a person borrowing $301 can be charged but 8 per cent. interest per annum, and a person borrowing $300 from defendant may be required to pay 42 per cent. per annum interest, while a person borrowing from a licensed bank or a private person a similar amount can not be charged in excess of 8 per cent. interest per annum; that the act denies equal protection of the laws to all persons, firms, and corporations not doing business under its terms; that banks, State and National, building and loan associations, and li-

censed pawnbrokers are excepted from the operation of the act; that while their business is that of lending money and charging and collecting interest thereon, and they are required to be licensed and pay taxes both general and special, and in many instances larger than required under said act, they are prohibited from qualifying under said act, and to charge the rate of interest permitted on loans of $300 and less.

The act in question is not violative of the provision of the 14th amendment, supra. *Family Finance Co.* v. *Allman,* 174 *Ga.* 467 (163 S. E. 143) ; *Badger* v. *State,* 154 *Ga.* 443 (114 S. E. 635).

The judge did not err in sustaining the demurrer and dismissing the petition. *Judgment affirmed.* *All the Justices concur.*