HANLEY *et al. v.* SAVANNAH BANK & TRUST COMPANY, executor.

No. 17670. SUBMITTED NOVEMBER 14, 1951—DECIDED JANUARY 14, 1952.

*John M. Brennan* and *Joseph Scott,* for plaintiffs.

*Gazan, Walsh & Bernstein,* for defendants.

HEAD, Justice. In *Savannah Bank & Trust Co.* v. *Hanley,*

208 *Ga.* 34 (65 S. E. 2d, 26), on the former appearance of this case in this court, it was held that a part of the consideration of the alleged contract to make a will—the agreement by the mother to surrender possession of her infant child, in order to receive a benefit for herself and her other children—was void as being against public policy. It was also stated in the opinion that other allegations as to services rendered to the executor's testatrix were insufficient to set forth a cause of action for specific performance of the alleged parol contract to make a will.

The amendment rejected by the court was an amplification of the allegations of the petition in regard to the personal services performed by the petitioners for the deceased, alleging the approximate date the contract was made, enumerating certain services performed, and alleging a monetary value for such services. The question for determination now is whether or not the petitioners could recover in the action even though their petition be amended to show fully the details of their contract in regard to the personal services to be performed.

The Code, § 20-305, provides: "If the consideration [of a contract] be good in part and void in part, the promise will be sustained or not, according as it is entire or severable, as hereinafter prescribed. If the consideration be illegal in whole or in part, the whole promise fails."

It is the law of this case that a part of the consideration for the contract to make a will was void as being against public policy. *Savannah Bank & Trust Co.* v. *Hanley,* supra. Does the provision of § 20-305, declaring that, if the consideration of a contract be illegal in part, the whole promise fails, include a consideration which is void as against public policy?

The general rule of law in regard to contracts contrary to public policy is stated in 17 C. J. S. 563, § 211, as follows: "If an agreement binds the parties or either of them to do, or if the consideration is to do, something opposed to the public policy of the state or nation it is *illegal* and absolutely void, however solemnly made." (Italics ours.)

In 12 Am. Jur. 645, § 151, it is stated: "An illegal consideration consists of any act or forbearance, or a promise to act or forbear, which is contrary to law or public policy." In 12 Am. Jur. 662, § 167, it is said: "It is a general rule that agreements against public policy are illegal and void."

The word "illegal" applies to contracts forbidden by public policy. *Brown* v. *Baer,* 79 *Ga.* 347, 353 (5 S. E. 72). In *Dorsett* v. *Garrard,* 85 *Ga.* 734, 738 (11 S. E. 768), this court quoted with approval from Smith on Contracts, as follows: "If a contract be illegal as against public policy, its invalidity will be a defense while it remains unexecuted. If the illegal contract be in part performed and money has been paid in pursuance of it, no action will lie to recover the money." (In this connection see *Kidd* v. *Brown,* 136 *Ga.* 85, 88, 70 S. E. 881.) The above rule is in accord with the declaration of our Code, that "A contract which is against the policy of the law can not be enforced." § 20-504.

This court has long recognized and followed the general rule that, if a part of the consideration of a contract is illegal, the contract is void. In the early case of *Stallings* v. *Johnson,* 27 *Ga.* 564, 571, it was held: "We find it frequently said, by judges and law writers, that if a part of the consideration of a contract be illegal the contract is void; and the reason given is, that every part of a consideration is to be presumed to have had some effect, in inducing the party recipient of the consideration, to enter into the contract."

The contract alleged and relied upon in this case was supported in part by a consideration which was illegal and void, as against public policy, and the contract is therefore unenforceable.

The consideration given in the opinion in the former case to the allegations in regard to personal services to be performed by the petitioners was unnecessary to a decision in that case, and nothing said in that opinion requires the conclusion that the personal services, if properly alleged and proved, would authorize a verdict for specific performance of the alleged contract to make a will.

The trial court did not err in disallowing the amendment, and in making the remittitur from this court the judgment of that court.

*Judgment affirmed. All the Justices concur.*