### 42591. COLTER et al. v. CONSOLIDATED CREDIT CORPORATION.

JORDAN, Judge. This is a statutory foreclosure proceeding. The affidavit for Consolidated Credit Corporation, dated October 3, 1966, shows that Pauline Colter and Magalene Welch owe $448.09 principal due on a secured loan. The attached combination loan note and bill of sale is dated September 30, 1965, and is executed under seal to the plaintiff for the principal amount of $728.10, with interest from maturity, payable in 19 (sic) monthly installments of $40.45, commencing on November 1, 1965, the final payment being due on May 1, 1967. It conveys an automobile and other personalty to the plaintiff as security for the debt. The defendants in their affidavit of illegality admit the execution of the instrument as requiring payment of $40.45 monthly in 18 installments. They allege that in consideration therefor they received the sum of $496.74, that the remainder represents a charge of $87.37 for interest, whereas $29.80 was the most which the plaintiff could charge, plus additional charges for insurance which they did not want but were forced to take to secure the loan, that the contract does not show that the plaintiff is operating under the Industrial Loan Act of 1955, that the transaction is usurious and therefore "void and illegal under Title 57-116 and Title 25-315 of the 1933 Code of Georgia," that the contract has not matured, but the plaintiff has not allowed credit for unearned interest, and that the foreclosure does not set out principal and interest separately. As relief they seek to have the contract declared "void on account of usury." The plaintiff demurred generally to the affidavit of illegality as setting forth no defense. The trial judge sustained the demurrer and dismissed the affidavit of illegality, from which ruling the defendants appeal. *Held:*

1. This proceeding comes under *Code* § 67-701, as authorized by *Code* § 67-1601. Under *Code* § 67-801 the defendants could avail themselves by an affidavit of illegality of any defense which they could set up in an ordinary action upon the debt secured by the personalty, "and which goes to show that the amount claimed is not due." Thus, if for any reason the affidavit properly construed does show a defense to the amount claimed as due, by reason of usury or other-

wise, it was error for the trial judge to dismiss the affidavit on general demurrer.

2. The plaintiff's pleading meets the basic requirements of *Code* § 67-701, and shows a note of a face value of $728.10 principal (i.e., if the ambiguity as to 19 installments is resolved in favor of the makers), with a balance due of $448.09 principal. The defendants in their pleading show as a fact, however, interest charges of $87.37 which they allege to be usurious. As the contract involves payment in 18 equal monthly installments, this charge obviously exceeds that permitted under *Code* § 57-101, and therefore is usurious unless shown to be under some exception thereto, e.g., *Code Ann.* § 57-116 or the Georgia Industrial Loan Act, Ch. 25-3 of the Code.

3. If the contract be one purportedly executed so as to charge interest as authorized by *Code Ann.* § 57-116, i.e., a maximum of 6% per annum for the entire period of the loan, aggregating principal and interest and dividing same into monthly, quarterly, or yearly installments, the interest is excessive, and although it would not render the contract void, it would require the forfeiture of all interest, and to this extent the defendants show a defense to the action. See *Code* § 57-112 and *Taylor v. Merchants Mut. Credit Corp.*, 100 Ga. App. 634 (112 SE2d 188).

4. The Georgia Industrial Loan Act (*Code Ann.* § 25-301 et seq.) regulates all loans of $2,500 or less, unless expressly exempted (*Code Ann.* §§ 25-302, 25-305) and any contract in violation of the Act is null and void (*Code Ann.* § 25-9903), and cannot be enforced. The interest charge, as alleged by the defendants, appears to be within the limits of § 15 (a) of the Act (*Code Ann.* § 25-315 (a)), even if otherwise usurious. If the contract be one purportedly executed under the provisions of the Act, thus allowing interest charges otherwise usurious, it must appear affirmatively from the plaintiff's pleading as a condition precedent to recovery that the payee was duly licensed to operate thereunder when the obligation was incurred, and that the action is based on a lawful transaction under the Act, and the action of the trial court in striking the entire defensive pleading, thus entitling the plaintiff in effect to a summary judgment, will not cure such deficiencies. *Bayne v. Sun Finance Co. No. 1*, 114 Ga. App. 27 (150 SE2d 311) ; *Robinson v. Colonial Discount Co.*, 106 Ga.

App. 274 (126 SE2d 824); *Jobson v. Masters,* 32 Ga. App. 60 (122 SE 724). The *Jobson* case, a bail trover action, points out with particularity (p. 68) that if the transaction be one coming under the provisions of a small loan Act, the plaintiff must prove (1) that he was a licensee, (2) that the contract was made under the license at the place designated, (3) that the contract on its face does not show any violation or failure to comply with mandatory provisions of the Act, and (4) that the borrower received the statement required by the Act. The defendants, by alleging the contract does not show that the plaintiff is operating under the Act (see *Code Ann.* § 25-319 as to actual requirements placed on the lender of informing the borrower), attempt to reach the defect in the action, in that the pleading consists solely of the contract and an affidavit of the amount due. Moreover, by alleging usury in their affidavit, and pleading as a fact an interest charge which appears usurious unless the transaction comes under the Industrial Loan Act, they have set up a defense which apparently would require the plaintiff to plead and prove a lawful transaction under the Georgia Industrial Loan Act.

The case of *Customers Loan Corp. v. Jones,* 100 Ga. App. 653 (112 SE2d 362), relied upon by appellee, shows that the loan company affirmatively alleged that it was duly licensed under the Georgia Industrial Loan Act.

5. The defendants allege as a fact that the plaintiff has not allowed credit for unearned interest. This in effect controverts the pleaded fact by the plaintiff which shows it is seeking to recover an amount stated as principal. We think that this allegation in the affidavit is sufficient, as against a general demurrer, to enable the defendants to amend the affidavit and present an issue of fact for jury determination as to the amount due. See *McCook v. Laughlin,* 9 Ga. App. 550 (71 SE 917) (1). The affidavit for the plaintiff is not fatally defective, however, within the rule of *Harris v. Usry,* 77 Ga. 426, where the plaintiff failed to identify the amount claimed as either principal or interest.

6. The trial judge erred, for the foregoing reasons, in sustaining the general demurrer to the affidavit of illegality.

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*

Argued February 7, 1967—Decided March 14, 1967.

*John D. Edge,* for appellants.
*J. W. Yarbrough,* for appellee.