### 42729. SERVICE LOAN & FINANCE CORPORATION v. McDANIEL.

EBERHARDT, Judge. Plaintiff appeals from the sustaining of a general demurrer to a petition seeking recovery of the principal, interest, insurance charges, service charges and attorney's fees alleged to be due under a combination promissory note and bill of sale to secure debt. There is no reference to the Industrial Loan Act (*Code Ann. Ch.* 25-3) in the petition or the photostatic copy of the note and bill of sale attached as an exhibit, nor is there any allegation that plaintiff was licensed to do business under the Act when the loan was made.

1. It is settled that one who seeks to recover money loaned under provisions of the Industrial Loan Act must plead and prove that he was licensed to do business under the Act at the time the loan was made. *Robinson v. Colonial Discount Co.,* 106 Ga. App. 274 (3) (126 SE2d 824); *Bayne v. Sun Finance Co.,* 114 Ga. App. 27 (2) (150 SE2d 311). Failure to plead the fact of licensing is, however, an amendable defect.

2. The trial judge has certified to us that when the general demurrer was sustained plaintiff's attorney requested time in which to amend by adding an allegation that plaintiff was duly licensed under the Act at the time of making the loan, but the court declined to grant an opportunity to amend, holding that the defect was not an amendable one. Since we disagree as to that we must conclude that it was error to deny plaintiff the requested opportunity to amend. *Tinsley v. Maddox,* 176 Ga. 471, 488 (168 SE 297); *Higgins v. Otis Elevator Co.,* 69 Ga. App. 584, 589 (2) (26 SE2d 380).

A different result would be reached if there had been no request for an opportunity to amend. *Ripley v. Eady,* 106 Ga. 422,

423 (2) (32 SE 343); *Compton v. Weekes,* 107 Ga. App. 283 (2) (129 SE2d 824); *Wold v. Northcutt,* 107 Ga. App. 365 (2) (130 SE2d 257). Cf. *Freeman v. Brown,* 115 Ga. 23 (1) (41 SE 385). Since it does not appear that there was any request for opportunity to amend or any offer to amend by supplying the essential allegation in *Rives v. Atlanta Newspapers, Inc.,* 220 Ga. 485 (139 SE2d 395), the holding in that case does not require a different conclusion. Of course the request or offer must be accompanied by a statement informing the court as to what amendment one expects to tender (*Thomas v. Chattanooga R. &c. Co.,* 21 Ga. App. 172 (94 SE 50)), but that requirement was met here. What we now hold is in keeping with the broad right to amend under our practice. *Ellison v. Georgia R. & Bkg. Co.,* 87 Ga. 691 (13 SE 809).

3. The schedule of interest, fees, insurance charges and the like listed on the face of the note indicates that they were lawful only if made under the Industrial Loan Act, and if not so made were usurious under the general laws as found in *Code* § 57-101. But even if it be said that since there was no reference to the Act in the petition or the exhibit and no allegation that the loan was made under its terms it should be concluded that the loan was not so made, the petition would nevertheless withstand a general demurrer, for under the general law one who lends at a usurious rate forfeits only the interest and other charges for making the loan— not the principal. *Code* § 57-112.

If, however, it should appear on the trial that the loan was in fact made under the Act, and there has been a failure to plead or prove that plaintiff was licensed thereunder, the obligation is void and no recovery can be had thereon.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*

Submitted April 3, 1967—Decided April 10, 1967.

*J. E. Wilson,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Larry S. Bryant, J. Timothy White,* for appellee.