43006. COLTER et al. v. CONSOLIDATED CREDIT CORPORATION.

JORDAN, Presiding Judge. When this case was here previously, this court reversed the order of the trial court dismissing the affidavit of illegality. *Colter v. Consolidated Credit Corp.*, 115 Ga. App. 408 (154 SE2d 713). The defendants in fi. fa. then amended their affidavit of illegality, alleging in effect that if the plaintiff were operating under the Georgia Industrial Loan Act of 1955, such Act is in violation of various provisions of the Constitution of Georgia and of the United States. The plaintiff in fi. fa. amended its pleadings to show that it is duly licensed under the Act, and had furnished the defendants with the statement required by the Act. In a trial before a jury a representative of the plaintiff testified generally as to compliance with the Act by a licensed lender in making a loan to the defendants, but was unable to state of his own knowledge whether the defendants received the required statement. Only one of the defendants testified, and although she denied receiving a statement of how the various charges were applied, she did admit the transaction, and a balance due as alleged in the foreclosure affidavit, erroneously stated by counsel in questioning on cross examination as $488.09 instead of $448.09. On motion of the plaintiff the trial court directed a verdict for the plaintiff, and judgment was entered accordingly for $448.09, from which the defendants appeal. *Held:*

1. While the defendants asserted issues as to the constitutionality of the Georgia Industrial Loan Act in their amended

affidavit of illegality, and enumerate as error the failure of the trial court to consider such issues, their brief contains no argument or citations of authority to support such contentions. Even if such issues were properly raised in the lower court they must now be treated as abandoned. Rule 17 (c) (2) of this court. No other basis appearing to bring the appeal within the jurisdiction of the Supreme Court it comes within the jurisdiction of this court. *Code Ann.* §§ 2-3704, 2-3708; *Clark v. Liberty Loan Corp.*, 223 Ga. 351 (155 SE2d 19).

2. Although there is uncontradicted evidence disclosing a transaction purportedly made under the provisions of the Georgia Industrial Loan Act of 1955, as to which one of the defendants admits an unpaid balance as alleged, the sole witness for the plaintiff was unable to show the exact details of the transaction, and admitted he did not know whether the defendants received the required itemized statement. He makes it quite clear that his testimony relates to what normally would take place, and that he did not deal with the defendants personally. The only defendant who testified denied receiving such a statement. When the case was here previously this court held that if the transaction did come under the provisions of the Georgia Industrial Loan Act it was incumbent upon the plaintiff to plead and prove a lawful transaction, including "that the borrower received the statement required by the Act." *Colter v. Consolidated Credit Corp.*, 115 Ga. App. 408, supra, at p. 410. The record now before this court fails to show that either of the defendants received an itemized list as required by *Code Ann.* § 25-319, and except for an indication in the record that the interest charge did not exceed 8% per annum of the total amount there is no means whereby a determination could be made that the lender has in fact met all the requirements of the Act. While one of the borrowers has admitted the balance due under the contract as sought by the lender, this does not necessarily admit that the transaction was lawful, and that only such charges were made as permitted by the Act. The evidence as a whole falls far short of establishing as an uncontroverted fact that only such charges were made, and utterly fails to show that at least one of the borrowers received a written itemized statement of the transaction. Without showing a full compliance with the terms of the Act the transaction is null and void. *Code Ann.* § 25-9903.

While the burden of proof was on the defendants in fi. fa. to prove the allegations of the affidavit of illegality, when the evidence disclosed that the interest charged on the loan exceeded 8% per annum the burden of evidence shifted to the plaintiff in fi. fa. to prove that the loan was not usurious. To carry this burden it was then necessary for the plaintiff in fi. fa. to prove that it was operating under the Georgia Industrial Loan Act and had complied with the provisions thereof.

Under the circumstances here shown the evidence and the admitted facts did not demand a finding for the plaintiff, and the trial judge erred in directing a verdict for it.

*Judgment reversed. Deen and Quillian, JJ., concur.*

ARGUED SEPTEMBER 11, 1967—DECIDED SEPTEMBER 27, 1967— REHEARING DENIED OCTOBER 17, 1967.

*John D. Edge,* for appellants.

*J. W. Yarbrough, Walter H. Bolling,* for appellee.