49098. BURKETT et al. v. THE STATE.

HALL, Presiding Judge.

The rule in most jurisdictions is that one who enters a plea to an accusatory pleading does not have the absolute right to withdraw a plea; the granting or refusing of leave to withdraw a plea in a criminal case rests in the sound discretion of the trial court, subject to review for abuse of discretion. 21 AmJur2d 494, Criminal Law, § 503. See also ABA Standards Relating to Pleas of Guilty, p. 9-10. However, in Georgia this common law power of the trial judge was taken away from him by the General Assembly and an accused has the right to withdraw the plea prior to judgment. Code § 27-1404; *Clark v. State,* 72 Ga. App. 603, 613 (34 SE2d 608). The fact that the witnesses had been dismissed and the jurors were discharged in reliance upon the guilty plea does not change the rule. *Nobles v. State,* 17 Ga. App. 382 (86 SE 1073). The pronouncement of judgment as provided in the statute means "the signing of the written sentence by the

presiding judge and its delivery to the clerk for the record." *Wright v. State,* 75 Ga. App. 764, 767 (44 SE2d 569); see also *Ware v. State,* 128 Ga. App. 407 (196 SE2d 896); *Marshall v. State,* 128 Ga. App. 413 (197 SE2d 161); *Farmer v. State,* 128 Ga. App. 416 (196 SE2d 893).

The district attorney makes a very logical argument against the above rules saying that it allows the accused to trifle with and play games with the court. The answer is that "the law on this question is not simply what the judges of this court think the law *should be,* but what the General Assembly said it is. . ." *Horton v. Brown,* 117 Ga. App. 47, 49 (159 SE2d 489, 490). It should also be remembered that "Defendants have no absolute right to have their pleas [of guilty] accepted." *Shearer v. State,* 128 Ga. App. 809, 810 (198 SE2d 369).

Therefore, having moved to withdraw his guilty plea prior to the court's reducing the judgment to writing and signing it, Burkett fulfilled the requirements of Code § 27-1404 and the lower court erred in denying his motion.

*Judgment reversed. Deen and Stolz, JJ., concur.*

SUBMITTED FEBRUARY 12, 1974 — DECIDED MARCH 6, 1974.

*J. Laddie Boatright,* for appellants.
*Dewey Hayes, District Attorney, M. C. Pritchard,* for appellee.