29643. HODGES et al. v. COMMUNITY LOAN & INVESTMENT CORPORATION.

JORDAN, Justice.

This court granted certiorari to review the two rulings by the Court of Appeals in this case. *Hodges v. Community Loan &c. Corp.,* 133 Ga. App. 336 (210 SE2d 826).

Community Loan and Investment Corporation brought an action for money had and received, alleging that it loaned $1,164.41 to Reuben V. and Dorothy Hodges and that a principal balance of $683.74 was due on the loan, on which interest of $54.01 had accrued at the rate of 7% per annum. The borrowers denied liability on the ground that the action was predicated upon a contract which was null and void because its provisions violated the Industrial Loan Act. (Ga. L. 1955, pp. 431-445; Code Ann. Chapters 25-3, 25-9). A counterclaim was also filed

by the borrowers which alleged that the lender failed to meet the requirements imposed by the Federal Truth-In-Lending Act. 15 USCA § 1601 et seq.

The first question dealt with by the Court of Appeals was whether an Industrial Loan Act lender can recover from a borrower the balance of principal owing from a loan when the loan contract is null and void because its terms violate the provisions of the Industrial Loan Act.

The second question dealt with the effect on counterclaims of the statute of limitation in the Federal Truth-In-Lending Act.

After further consideration, it is our opinion that the Court of Appeals correctly decided the issue on the second question to the effect that the borrower's counterclaim was barred and there is no necessity of a further discussion of this question.

In this opinion we will deal only with the first question decided by the Court of Appeals. The Court of Appeals determined that, even though the loan contract between the parties was null and void under the Industrial Loan Act, the lender could recover from the borrowers the principal due on the loan, as money had and received, and interest thereon at 7%.

The penalty provision of the Industrial Loan Act (Code Ann. § 25-9903) is as follows: "Any person who shall make loans under the provisions of Chapter 25-3, the Georgia Industrial Loan Act, without first obtaining a license or who shall make a false statement under oath in an application for a license thereunder, or who shall do business while the license of such person under such Chapter is finally suspended or revoked, or who shall knowingly charge, contract for, receive and collect charges in excess of those permitted by such Chapter shall be punished as for a misdemeanor. *Any loan contract made in violation of such Chapter shall be null and void.*" (Emphasis supplied).

The Court of Appeals has repeatedly stated that an obligation made in contravention of the Industrial Loan Act is void and unenforceable. In *Service Loan &c. Corp. v. McDaniel,* 115 Ga. App. 548 (3) (154 SE2d 823), it was held: "If, however, it should appear on the trial that the loan was in fact made under the [Industrial Loan] Act,

and there has been a failure to plead or prove that plaintiff was licensed thereunder, the obligation is void and no recovery can be had thereon." See also: *Colter v. Consolidated Credit Corp.*, 116 Ga. App. 520 (2) (157 SE2d 812); *Lewis v. Termplan, Inc., Bolton*, 124 Ga. App. 507 (184 SE2d 473); *Culverhouse v. Atlanta Assn. for Convalescent Aged Persons, Inc.*, 27 Ga. App. 574 (2) (194 SE2d 299).

In *Abrams v. Commercial Credit Plan, Inc.*, 128 Ga. App. 520 (197 SE2d 384), the Court of Appeals in a statement which, admittedly, was not necessary for a ruling in that case, suggested that an action for money had and received might be available to a lender violating the terms of the Industrial Loan Act to recover the principal due on the loan.

In *Georgia Invest. Co. v. Norman*, 231 Ga. 821, 827 (204 SE2d 740), Mr. Justice Ingram in a concurring opinion (in which he was joined by Mr. Justice Gunter) developed the suggestion in the *Abrams* case, supra. The concurring opinion of Mr. Justice Ingram was quoted and adopted by the Court of Appeals in the case now under review.

The first reason given for the view that the violation of the Industrial Loan Act would not cause the forfeiture of the principal amount loaned is that the 1920 Small Loan Act (Ga. L. 1920, pp. 215, 219; Code of 1933, § 25-313) specifically provided the penalty of forfeiture of the principal, whereas this provision was omitted from the 1955 statute, leading to the conclusion that the General Assembly intended to omit the forfeiture of principal as a penalty for the violation of the statute.

It is, of course, an established principle of construction of legislative intent that where a statute is amended by omitting words, it must be presumed that the words were intentionally omitted. *Miller v. Southwestern R. Co.*, 55 Ga. 143.

This principle is not applicable to the penalty provision of the Industrial Loan Act. It is true that among the several statutes repealed by the Industrial Loan Act of 1955 was the Small Loan Act of 1920 (Chapter 25-3 of the Code of 1933). However, the 1955 Act was an entirely new Act with completely different provisions, expressed in

different language, from the 1920 Act.

Former Code § 25-313 provided in part: "If interest or charges in excess of those permitted by this Chapter shall be charged, contracted for or received, the contract of loan shall be null and void and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever."

The penalty provision of the 1955 Industrial Act first provided for the punishment of violations of the statute as a misdemeanor, and then provided: "Any loan contract made in violation of such Chapter shall be null and void."

It is only where an amending Act uses substantially the same language, except for the omission of certain words, that the principle stated in *Miller v. Southwestern R. Co.,* 55 Ga. 143, supra, is applicable. It is unreasonable to hold that where the General Assembly repeals a former law, and enacts completely new legislation with entirely different provisions and language, that the omission of certain words which were in the former Act should have any special significance in determining legislative intent. Particularly is this true where the omitted words were surplusage in the former law. The Industrial Loan Act also omits the words "interest or charges" which were in the Small Loan Act, but this has not persuaded the Court of Appeals to presume that the General Assembly did not intend these items to be forfeited.

The declaration in the Industrial Loan Act (Code Ann. § 25-9903) that any loan contract made in violation of the Act is "null and void" has a legal effect, long recognized by the courts, which needs no further explanation. It means that the contract is illegal and against the public policy of the state, and that any money loaned under such a contract cannot be recovered. See *Dorsett v. Garrard,* 85 Ga. 734 (1) (11 SE 768); *Hanley v. Savannah Bank &c. Co.,* 208 Ga. 585, 587 (68 SE2d 581).

It is fruitless to debate whether a contract violating the Industrial Loan Act is as evil as some other contract to engage in an immoral or illegal act. The General Assembly has the right to declare what is void as against the public policy of the state.

Historically, the laws regulating the loaning of money and charging of interest have been changed many

times. For a history of the colonial and state laws of Georgia up to the time of 1899 see *Union Savings Bank &c. Co. v. Dottenheim,* 107 Ga. 606, 609 (1) (34 SE 217). The present general usury statute (Code § 57-112) provides specifically for the forfeiture of interest only. This court has recognized that the General Assembly may deal with different classes of lenders in divergent laws. *Cole v. Franklin Plan Co.,* 176 Ga. 561 (168 SE 261).

It might be argued that it is inequitable that in one class of loans the lender violating the laws governing such loans will lose only its interest, whereas in another class of loans the lender, for violation of the laws governing those loans, will forfeit principal, interest, and charges. This is a matter that addresses itself to the wisdom of the General Assembly. This court has no right to substitute its judgment for the judgment of the General Assembly in regard to the penalty to be imposed for the violation of the Industrial Loan Act.

There is no logic in holding that where the General Assembly has declared that a loan contract made in violation of the Industrial Loan Act is void, this means that only the interest and other charges created by the contract are forfeited. The contract requires the payment of the principal amount of the loan just as much as it requires the payment of interest and other charges. If the General Assembly declares a *contract* void, then the entire *obligation* is void unless specific language in the statute allows partial recovery.

The effect of the opinion of the Court of Appeals is to impose an inconsequential penalty for the violation of the Industrial Loan Act. Under that view the lender who violates the Act is permitted to recover its principal, with interest thereon at 7%. This surely was not what was intended by the unequivocal language declaring contracts made in violation of the statute to be null and void.

We conclude that the unambiguous language of Code Ann. § 25-9903 requires a holding that a contract made in violation of the Industrial Loan Act is null and void and that no recovery can be had of the principal in a suit for money had and received.

*Judgment affirmed in part and reversed in part. All*

*the Justices concur, except Undercofler, P. J., Gunter and Ingram, JJ., who dissent.*

ARGUED MARCH 11, 1975 — DECIDED APRIL 30, 1975 — REHEARING DENIED MAY 20, 1975.

*Antonio L. Thomas, David A. Webster, Charles M. Baird, H. Winthrope Pettigrew,* for appellants.
*Schwall & Heuett, Lee S. Alexander, Hansell, Post, Brandon & Dorsey, W. Rhett Tanner, Trammell Newton,* for appellee.

HALL, Justice, concurring.

This case involves the law on "Moneylenders and Pawnbrokers" and the construction of statutes enacted on this subject. "The small-loan acts in the various jurisdictions were enacted to mitigate rather than eradicate the evils incident to the business of lending money in small amounts to those who, having little to offer as security except their future earnings, or used and worn articles of little value to anyone other than the borrowers, are unable to obtain funds readily. The purpose of the acts is to afford the borrower the greatest practicable measure of protection, and since the acts are remedial in their nature they are to be given a liberal construction in order to effectuate the legislative purpose. In permitting small-loan companies to charge interest in excess of the normal commercial rate, the legislature has imposed a duty upon them to deal fairly with borrowers, and in making loans they must do so with scrupulous adherence to the terms of the statute . . . On the other hand, since the statutes are penal in character, and are intended to assist the borrower by encouraging legitimate capital, the lender is to be protected against any unreasonable extension of the small-loan statute, and a prohibition in the statute should not be extended beyond the fair import of its terms." 54 AmJur2d 615, 616, Moneylenders and Pawnbrokers, § 13.

The appellee concedes that the loan contract is void under the Industrial Loan Act; however, it contends that it can nevertheless recover the balance of the loan princi-

pal in an action for money had and received. The answer is found in the nature of this action.

"While the action for money had and received is often referred to as an 'equitable action' *(Butts County v. Jackson Banking Co.,* 129 Ga. 801, 60 S. E. 149, 15 L. R. A. (N.S.) 567, 121 Am. St. R. 244; *McCay v. Barber,* 37 Ga. 423, 424; *Whitehead v. Peck,* 1 Ga. 140), it is nevertheless an action at law *(Brightwell v. Oglethorpe Telephone Co.,* 176 Ga. 65, 166 S. E. 640); and even though the transaction out of which arises the right to an 'equitable action' for money had and received may also give rise to a right of subrogation, the claimant may proceed upon his legal right for a recovery of the sums received by the defendant under such circumstances that in equity and good conscience the defendant ought not to retain it, and ex aequo et bono it belongs to the claimant." *Jasper School District v. Gormley,* 184 Ga. 756, 760 (193 SE 248). The General Assembly has provided misdemeanor punishment for those who violate the provisions of the Industrial Loan Act. Code Ann. § 25-9903. It is axiomatic that one cannot engage in conduct which has been forbidden and declared criminal by the General Assembly and at the same time seek legal relief on the equitable theory of "ex aequo et bono," i.e., in justice and fairness. This principle is well stated in an opinion of the Supreme Court of the United States: "We do not see on what ground a party, who says in his pleading that the money which he seeks to recover was paid out for the accomplishment of a purpose made an offense by the law, and who testifies and insists to the end of his suit that the contract on which he advanced his money was illegal, criminal, and void, can recover it back in a court whose duty it is to give effect to the law. . ." White v. Barber, 123 U. S. 392, 425.

The "law on this question is not simply what the judges of this Court think the law should be but what the General Assembly said it is." *Burkett v. State,* 131 Ga. App. 177 (205 SE2d 496).

INGRAM, Justice, dissenting.

In my opinion, the decision of the Court of Appeals is eminently correct. The majority opinion refuses to express the plain message of the statutory change in

language made by the General Assembly in Code Ann. § 25-9903 in contrast to the language found in the comparable provision of the old statute in Code Ann. § 25-313.

I dissent for the reasons given in the concurring opinion in *Georgia Invest. Co. v. Norman,* 231 Ga. 821, 827 (204 SE2d 740). It is quite clear to me that the General Assembly intended by the new statute that if a loan is made in violation of the law, the lender shall forfeit all interest and other charges, but not any of the principal sum advanced to the borrower.

In my opinion, the majority decision fails to confront the applicable doctrine discussed by the Court of Appeals that the law does not favor penalties and forfeitures and they must be strictly construed. We cannot give a strict construction to the language of Code Ann. § 25-9903 and reasonably conclude that the legislature intended the result reached by the majority in this case. The majority opinion also observes that "[t]he effect of the opinion of the Court of Appeals [in this case] is to impose an inconsequential penalty for the violation of the Industrial Loan Act." One answer to that conclusion is the Court of Appeals merely gave effect to the clear intention of the statute. Still, another is that it will come as quite a shock to many lenders, who find themselves in some technical violation of the Act, to learn that the loss of all earnings for the work of their product (money) is inconsequential. This view defies the law of economics and I cannot agree that it is correct.

I am authorized to state that Presiding Justice Undercofler and Justice Gunter join in this dissent.