## 54594. HARDMAN v. THE STATE.

DEEN, Presiding Judge.

Defendant appeals from a judgment of contempt and sentence imposed by the trial court.

Defendant was indicted and charged with violating the Georgia Controlled Substances Act. On June 20, 1977, he entered a plea of guilty to the offense and requested, through counsel, that sentencing be delayed until June 24, 1977, so that he could get his personal affairs in order. Prior to June 24, 1977, the jury was dismissed. On the day set for sentencing, the accused withdrew his plea of guilty. Based on the defendant's conduct in pleading guilty on June 20, 1977, and withdrawing the plea four days later after the jury was dismissed, the trial court found him in contempt and sentenced him to serve twenty days in the DeKalb County jail. Defendant complains that the trial court erred in concluding that conduct which amounted to no more than the exercise of a legal right could constitute contempt of court. We agree.

At any time prior to the court's reducing the judgment to writing and signing it, an accused may withdraw a previously entered plea of guilty and plead "not guilty." Code Ann. § 27-1404; *Burkett v. State,* 131 Ga. App. 177 (205 SE2d 496). The exercise of this right is not hampered or impaired by the fact that in reliance on the earlier plea of guilty, witnesses and jurors may have been dismissed. *Burkett v. State,* supra; *Nobles v. State,* 17 Ga. App. 382 (86 SE 1073).

*Judgment reversed. Webb and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 5, 1977 — DECIDED
NOVEMBER 1, 1977.

*MacKay & Elliott, David L. G. King, Jr.,* for appellant.

*M. Randall Peek, District Attorney, Robert E. Wilson, Assistant District Attorney,* for appellee.